1135

SOUTH CAROLINA TAX COMMISSION, Appellant, In re Milliken & Co., Respondent v. UNION COUNTY TREASURER, James W. Cheek, and Union County Auditor, Sarah W. Wade, Respondents.

(368 S. E. (2d) 72)

Court of Appeals

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Asst. Atty. Gen. Ronald W. Urban,* Columbia, *for appellant.*

*William E. Whitney, Jr.,* Union, and *Cary H. Hall, Jr.* of *Wyche, Burgess, Freeman and Parham, P.A.,* Greenville, *for respondents.*

Heard Feb. 23, 1988.

Decided April 11, 1988.

CURETON, Judge:

Milliken & Company sued the Treasurer and Auditor of Union County to collect $87,554.40 in taxes paid under protest to Union County. The South Carolina Tax Commission petitioned to intervene in the suit pursuant to S.C.R. Civ. P.

24(a) and (b). The trial court denied the Commission's petition and it appeals. We affirm.

Milliken was granted an exemption by the Commission which exempted its new manufacturing establishments in Union County from ad valorem taxation under *S. C. Code Ann.* Section 12-37-220(A)(7) (Cum. Supp. 1987). The exemption does not apply to school or municipal taxes but applies only to "county taxes." The taxes in issue were levied and collected by the Auditor and Treasurer to pay the bonded indebtedness of the Union County Hospital District. Milliken asserts these taxes should be characterized as "county taxes" from which its property is exempt.

Prior to 1978, there were in South Carolina certain legislatively created exemptions from taxation but no uniform procedure to determine if property qualified for the exemptions. Amendments to Article X of the South Carolina Constitution repealed all these property tax exemptions effective March 1, 1978, and created certain uniform exemptions. *S. C. Const.* Article X, Section 3. Pursuant to constitutional mandate to provide "methods and procedures" for granting exemption, the General Assembly adopted Act No. 621, 1978 *S. C. Acts 1786.* Section 1 of Act 621, now codified as *S. C. Code Ann.* Section 12-3-145 (Cum. Supp. 1987) provides:

> It shall be the duty of the [Tax] Commission to determine if any real or personal property qualifies for exemption from local property taxes under Section 12-37-220 in accordance with the Constitution and general laws of the State.

The Commission argues that pursuant to the above Code Section and its duties specified in Section 12-3-140 to see that property subject to taxation is taxed and exempt property is not taxed, it should be allowed to intervene pursuant to S.C.R. Civ. P. 24. It argues it has a right to intervene under Rule 24(a) which provides a person shall be permitted to intervene:

> (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter

impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Clearly, there is no statute which confers an unconditional right on the Commission to intervene. Thus, Subsection (a)(1) of Rule 24 is inapplicable. The Commission asserts it is entitled to intervene under Subsection (a)(2) because it is so situated that a disposition of the action would impair its interest. It argues it cannot accomplish its statutory duty of determining if property qualifies for exemption from "local property taxes" unless it can also determine the "local taxes to which the exemption applies." As we view the Commission's argument, its main reason for seeking intervention is to affect any legal precedent that may result from the case. This alone is an insufficient basis for intervention. 3B J. Moore, *Moore's Federal Practice* Section 24.07[2] (2d ed. 1987). Nevertheless, assuming the Commission has an interest which will be impaired by this suit and will be bound by a judgment in this action, we agree with the trial judge that its interest is adequately represented by the Auditor and Treasurer.

Because the South Carolina Rules of Civil Procedure closely parallel the Federal Rules of Civil Procedure, it is appropriate to look to the Federal Rules in interpreting Rule 24. The case of *Commonwealth of Virginia v. Westinghouse Electric Corp.*, 542 F. (2d) 214 (4th Cir. 1976) teaches that the standard for review of a Rule 24(a)(2) motion is whether the judge abused his discretion in granting or denying the motion. The burden to show that the representation may be inadequate is on the applicant. 3B J. Moore, *Moore's Federal Practice* Section 24.07[4] (2d ed. 1987). When an applicant for intervention and an existing party have the same interests or ultimate objective in the litigation a presumption arises that its interests are adequately represented and the application should be denied unless a showing of inadequate representation is made by demonstration of adversity of interest, collusion, or nonfeasance. *See, International Tank Terminals Ltd. v. M/V Acadia Forest*, 579 F. (2d) 964 (5th Cir. 1978); *Commonwealth of Virginia, supra; Moore's Federal Practice, supra;* 59 Am. Jur. (2d) *Parties* Section 141 (1987). We are unable to discern from the Commission's

argument that its ultimate objective in this case is different from that of the Auditor and Treasurer. The Commission conceded at oral argument that the County Officers' objective was to retain the tax for the county and its objective is to have the court rule the tax was not a county tax from which Milliken's property is exempt. We see no difference of interest.

> [I]nadequacy of representation may be shown if there is proof of collusion between the representative and an opposing party, if the representative has or represents some interest adverse to that of the petitioner, or fails because of nonfeasance in his duty of representation. Inadequacy may sometimes also arise in cases where the representative is willing but unable to present the claim of the petitioner.

3B J. Moore, *Moore's Federal Practice* Section 24.07[4] at 24-68 (2d ed. 1987).

The Tax Commission has made no convincing showing the representation of its interest may be inadequate. It seems to argue the County Officers' interest in a determination of the issue is local while its interest is statewide. We fail to appreciate this distinction in the context of this case. Regardless of how the parties' interests are characterized, the Commission and the County Officers seek the same outcome in the case.

The Commission also argues that because the County Officers are interested in retaining the taxes collected, they may be interested in a future settlement of the matter without a resolution of the question at issue which is a sufficient basis for intervention under the case of *Nuesse v. Camp*, 385 F. (2d) 694 (D.C. Cir. 1967).[1] We disagree. A settlement of the issue would establish no precedent and have no statewide impact. *See, Bottoms v. Dresser Industries, Inc.*, 797 F. (2d) 869 (10th Cir. 1986) (possibility the

---

[1] *Nuesse* is distinguishable. The intervenor, the state banking commissioner, had a legally defined power to bring suit in his own name. In the instant case, the Commission has no power to bring a suit of the nature here involved. The *Nuesse* court also found the intervenor had special expertise that was otherwise absent from the proceeding. No such claim is made here. Finally, the party in *Nuesse* purporting to represent the interest

parties may settle does not alone warrant intervention as of right); *International Tank Terminals, Ltd.*, 579 F. (2d) at 968 (possibility future arbitration might occur in which the interest of the intervenor and defendants might clash not sufficient for intervention). The Commission's Rule 24(a)(2) motion to intervene must, therefore, fail.

The Commission's next contention is it is entitled to ■ intervene under subsection (b) of Rule 24. Unlike subsection (a), subsection (b) authorizes permissive intervention by an applicant when a statute confers a conditional right to intervene or the applicant's claim or defense and the main action have a question of law or fact in common. To warrant intervention under Rule 24(b) an applicant should ordinarily show he is charged with a public duty requiring him to intervene, or he has a claim or defense involving a question of law or fact in common with the main action. A mere general interest in the subject matter of the litigation is not sufficient. 3B J. Moore, *Moore's Federal Practice* Section 24.10[2] (2d ed. 1987).

Under Federal Rule of Civil Procedure 24(b), which is identical to the South Carolina Rule in all relevant respects, permissive intervention is wholly discretionary with the trial court and a court will be reversed on appeal only for abuse of discretion. *Keith v. Daley*, 764 F. (2d) 1265 (7th Cir. 1985), *cert. denied; Illinois Pro-Life Coalition, Inc. v. Keith*, 474 U. S. 980, 106 S. Ct. 383, 88 L. Ed. (2d) 336 (1985); *Bush v. Viterna*, 740 F. (2d) 350 (5th Cir. 1984). A reversal of a denial of permissive intervention has been termed "so unusual as to be almost unique." *New Orleans Public Service, Inc. v. United Gas Pipeline Co.*, 732 F. (2d) 452 (5th Cir. 1984), *cert. denied; Morial v. United Gas Pipe Line Co.*, 469 U. S. 1019, 105 S. Ct. 434, 83 L. Ed. (2d) 360 (1984).

The Commission argues that because it is charged ■ with the administration of the exemption statute, it is

---

of the bank commissioner was a private party and not clothed with the presumption that it would act in the public good. The County Officers involved here are public servants and presumably will act in the public's interest. *Cf. Environmental Defense Fund, Inc. v. Higginson*, 631 F. (2d) 738 (D.C. Cir. 1979) (a subdivision of a state must overcome presumption of adequate representation by the state which was already a party to the proceeding).

implicit it should have a conditional right to intervene under Rule 24(b)(1). That part of Rule 24(b) permits intervention "when a statute confers a conditional right to intervene." Our reading of the exemption statute does not reveal the conferring of such a right. While the Legislature has charged the Commission with determining which properties qualify for exemption from certain taxes, it is not a necessary corollary that the Legislature by implication also charged the Commission with the right to determine which local taxes apply to the exempt property. That determination is clearly a function of the local taxing authorities.[2]

The Commission also claims error based on failure of the trial judge to permit intervention under Rule 24(b)(2) because it has a claim or defense with questions of law or fact that are common to the main action. We agree with Milliken that the Commission has no claim or defense of its own, but attempts only to assert the Auditor's and Treasurer's defenses.

Like permissive joinder, Rule 24(b) intervention is premised upon the theory that when claims or defenses have a question of law or fact common to each other, sound administrative procedures encourage the disposition of all of the claims or defenses in one action rather than a multiplicity of actions. *See, TPI Corp. v. Merchandise Mart of South Carolina, Inc.,* 61 F.R.D. 684 (D.S.C. 1974). The typical situation for which the Rule was designed is one where the prospective intervenor might institute or be called upon to defend a separate proceeding that would substantially duplicate the one in question. With this analogy to permissive joinder, it seems clear the better rule is that permissive intervention should be allowed only where the prospective intervenor has a cause of action or defense it could bring or assert. Viewed in this light, the Commission could not become a party to suit where its claim or defense would be identical to the

---

[2] Illustrative of the fact that a court may determine whether or not the tax in question is a county tax without the necessity of the Commission being a party to the action is the case of *Michelin Tire Corp. v. Spartanburg County Treasurer,* 281 S. C. 31, 314 S. E. (2d) 8 (1984) (North Spartanburg County Area Fire and Rescue District taxes were held not to be county taxes because the District comprised less than the entire area of Spartanburg County).

County Officers in the instant action.

The above view is strengthened by the interpretation of the requirements of Rule 24(b) by the federal courts. Federal courts have held that a party seeking permissive intervention under a discretionary right must establish a basis for federal subject matter jurisdiction independent of the court's jurisdiction over the underlying action. *E.E.O.C. v. Nevada Resort Association*, 792 F. (2d) 882 (9th Cir. 1986); *Harris v. Amoco Production Co.*, 768 F. (2d) 669 (5th Cir. 1985), *cert. denied; Amoco Production Co. v. Equal Employment Opportunity Commission*, 475 U. S. 1011, 106 S. Ct. 1186, 89 L. Ed. (2d) 302 (1986); *E.E.O.C. v. Boeing Co.*, 109 F.R.D. 6 (D. Wash. 1985); *National Union Fire Insurance Co. of Pittsburg, Pa. v. Continental Illinois Corp.*, 113 F.R.D. 532 (D. Ill. 1986) (permissive intervention differs from intervention as of right in that trial court does not have ancillary jurisdiction over intervenor's claim, and thus party seeking such intervention must establish an independent jurisdictional ground).

Accordingly, the trial court did not abuse its discretion in denying the Commission's motion to intervene under Rule 24(b).

Affirmed.

SHAW and GOOLSBY, JJ., concur.

