23253

BERKELEY ELECTRIC COOPERATIVE, INC., Respondent v. TOWN OF MT. PLEASANT. Ex Parte: SOUTH CAROLINA ELECTRIC & GAS COMPANY, Appellant.

(394 S.E. (2d) 712)

Supreme Court

*Belton T. Zeigler,* of *Lewis, Babcock, Pleicones & Hawkins,* Columbia, *for appellant.*

*Thomas S. Tisdale, Jr.* and *Stephen P. Groves,* Charleston, *for respondent.*

Heard March 6, 1990.

Decided Aug. 6, 1990.

HARWELL, Justice:

This case involves the issue of whether the trial judge properly denied appellant South Carolina Electric & Gas Company's motion to intervene pursuant to Rule 24, SCRCP.

## I. FACTS

On September 28, 1988, respondent Berkeley Electric Cooperative, Inc. (Berkeley Electric) initiated the present action solely against Mt. Pleasant. Berkeley Electric alleged that Mt. Pleasant had interfered with its extension of service to new customers by informing the developers of Longpointe Subdivision, a newly annexed area of Mt. Pleasant, that Berkeley Electric did not have the right to provide them with electrical service. Berkeley Electric sought an order that would prohibit Mt. Pleasant from interfering with or withdrawing its right to provide electrical services to the areas set forth in the franchise agreement between it and Mt. Pleasant. Berkeley Electric also sought an order permanently enforcing its contractual rights as sole supplier of electrical services to the subject property.

In October of 1988, appellant South Carolina Electric & Gas Company (SCE&G) moved to intervene as a party-defendant. SCE&G moved for intervention as a matter of right under Rule 24(a), SCRCP or alternatively, for permissive intervention under Rule 24(b), SCRCP. On January 12, 1989, Berkeley Electric moved to expedite the hearing on its claims. On January 13, 1989, the circuit judge, with the consent of Mt. Pleasant, allowed Berkeley Electric to amend its complaint. Because SCE&G was not a party, it did not participate in the hearing.

In the amended complaint, Berkeley Electric sought a declaratory judgment defining its rights to provide electrical service in Mt. Pleasant under an agreement previously adopted by resolution of the Mt. Pleasant Town Council. The amended complaint also sought a declaration that Berkeley Electric had legal authority to extend electrical service within the Longpointe Subdivision.

On January 31, 1989, counsel for SCE&G requested that the circuit judge take no further action until SCE&G's pending motion to intervene was decided. Thereafter, counsel for SCE&G participated in a telephone conference with the circuit judge and counsel for Berkeley Electric. The stated purpose of the conference was to argue Berkeley Electric's motion to expedite. During the conference, the circuit judge informed counsel that a hearing on the merits of Berkeley Electric's complaint would be held during the week of March

13, 1989. The circuit judge then denied SCE&G's motion to intervene as a party and issued a written order to this effect on February 27, 1989. This appeal follows.

## II. DISCUSSION

SCE&G asserts that it has the right to intervene pursuant to Rule 24(a)(2). We agree. In analyzing the facts of this particular case, we recognize that intervention controversies arise in a myriad of contexts. We interpret the rules to permit liberal intervention particularly where as here, judicial economy will be promoted by the declaration of the rights of all parties who may be affected. Accordingly, we must consider the pragmatic consequences of a decision to permit or deny intervention and avoid setting up rigid applications of Rule 24(a)(2). Each case will be examined in the context of its unique facts and circumstances. In reviewing the granting or denial of a Rule 24(a)(2) motion, we must determine whether the trial judge abused his discretion. *S.C. Tax Commission v. Union County Treasurer*, 295 S.C. 257, 368 S.E. (2d) 72 (Ct. App. 1988).

Rule 24(a)(2) provides that:

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Accordingly, SCE&G must: (1) establish timely application; (2) assert an interest relating to the property or transaction which is the subject of the action; (3) demonstrate that it is in a position such that without intervention, disposition of the action may impair or impede its ability to protect that interest; and (4) demonstrate that its interest is inadequately represented by other parties. *Sagebrush Rebellion, Inc. v. Watt*, 713 F. (2d) 525 (9th Cir. 1983).

The timeliness of SCE&G's application to intervene is not at issue as the motion was filed only days after Berkeley Electric's complaint was filed. We must next

consider whether SCE&G asserts an interest that would warrant intervention. The question of SCE&G's interest must be determined in relation to the overall subject matter of the action and not in relation to the particular issue that is before the Court. *Sagebrush Rebellion, Inc. v. Watt, supra.*

The issue raised by Berkeley Electric's complaint involves a franchise agreement executed in 1982 by Berkeley Electric and Mt. Pleasant that allegedly grants Berkeley Electric the exclusive right to provide services to the property in question. Mt. Pleasant argues that this franchise agreement is invalid in that it was not properly executed. SCE&G asserts that it has an interest in the action in that it, and not Berkeley Electric, has the exclusive legally authorized right to serve the same property based upon another franchise agreement executed by it and Mt. Pleasant in 1988. SCE&G argues that it has a contractual and legislative right and obligation to serve this property pursuant to the 1988 franchise agreement which was properly granted to them by a 1988 Mt. Pleasant ordinance.

SCE&G asserts that it has a financial interest in the dispute in that its rights to serve the property in question and receive revenues from such services are contingent upon whether Berkeley Electric is found to be the exclusive provider of services in this area. Also, a ruling adverse to SCE&G would destroy any investments SCE&G has already made under the belief that it is the rightful supplier of such services. We find that SCE&G has asserted an interest that would warrant its participation in this proceeding not only because the action may determine the extent of its service obligations, but because the resolution of the issues raised by Berkeley Electric under the 1982 franchise agreement involve the validity of other conflicting ordinances and contracts of which SCE&G is a party.

The *Sagebrush* test further requires that the prospective intervenor demonstrate that without its intervention, the disposition of the case *may* impair or impede its ability to protect its interest. To meet that requirement, a party need not prove that it would be bound in a res judicata sense by the judgment, only that it would have difficulty adequately protecting its interests if not allowed to intervene. *Spring Construction Co., Inc. v. Harris,* 614 F.

(2d) 374 (4th Cir. 1980).

We find that SCE&G may be impaired or impeded in its ability to protect its asserted interests unless allowed to intervene in this action. A declaration by the trial judge in favor of Berkeley would, as a practical matter, prevent SCE&G from serving customers that it believes it is legally entitled to serve and impair its ability to protect investments it has already made in reliance on its beliefs. Also, it would be extremely difficult for SCE&G to collaterally attack any ruling adverse to them if not made a party to the original action.

The last factor of the *Sagebrush* test requires that SCE&G demonstrate that its asserted interests will not be adequately represented by the existing parties. The burden of demonstrating inadequacy of representation is on the applicant. *S.C. Tax Commission v. Union County Treasurer, supra.* This burden is minimal and the applicant need only show that the representation of his interests "may be" inadequate. *Trbovich v. United Mine Workers of America,* 404 U.S. 528, 92 S. Ct. 630, 30 L. Ed. (2d) 686 (1972).

*Sagebrush* sets forth the following factors in determining whether the existing representation is adequate: (1) whether the existing parties will undoubtedly make all of the intervenor's arguments; (2) whether the existing parties are capable and willing to make such arguments; and (3) whether the intervenor offers different knowledge, experience, or perspective on the proceedings that would otherwise be absent. On reviewing the trial judge's decision as to whether adequacy of representation exists, we must appraise all of the circumstances of a particular case as to whether interests sufficiently overlap so as to deny intervention. While it appears that SCE&G and Mt. Pleasant seek the same objective in that both want the 1982 franchise agreement between Berkeley Electric and Mt. Pleasant declared invalid, we find SCE&G has met the minimal burden of showing that Mt. Pleasant may be an inadequate representative of its interests.

SCE&G has raised certain issues outside the existing pleadings. SCE&G has also plead several special defenses to Berkeley Electric's complaint. Additionally, SCE&G may be able to assert certain defenses that Mt. Pleasant may or may

not be able to raise. SCE&G also has the ability to bring a different perspective or experience to the proceeding that would otherwise be absent. For example, SCE&G has extensive experience in the area of territorial service questions which arise after annexation.

It has been held that a governmental entity's representation of a private party's interests does not constitute adequate representation. *National Farm Lines v. Interstate Commerce Commission*, 564 F. (2d) 381 (10th Cir. 1977). Mt. Pleasant lacks a direct economic interest in the outcome of the proceedings in that it will receive franchise fees regardless of who supplies the property. While we do not adopt the *National Farm Lines* rule as a *per se* rule, it is likely that here, Mt. Pleasant would be an inadequate representative of SCE&G's asserted economic interest.

### III. CONCLUSION

We have determined that SCE&G has established that it is entitled to intervene in this action under our liberal interpretation of Rule 24(a)(2). While SCE&G has demonstrated timely application of its motion, has *asserted* an interest in the action, has demonstrated that it *may be* impaired in its ability to protect the asserted interest if not allowed to intervene, and has shown that there *may be* inadequacy of representation by the existing parties, this opinion shall not be interpreted as a commentary as to whether such asserted interests are valid.

Because we find that the trial judge erred in denying intervention pursuant to Rule 24(a)(2), we need not address SCE&G's remaining exceptions.

Reversed.

CHANDLER and TOAL, JJ., concur.

MCINNIS, Acting Associate Justice, dissenting in separate opinion and FINNEY, J., concurs in results only of dissent.

MCINNIS, Acting Associate Justice, dissenting:

The majority finds that the trial judge abused his discretion in denying SCE&G's motion to intervene. I respectfully disagree.

This conflict is a contractual dispute between Berkeley Electric and Mount Pleasant concerning the validity of their franchise agreement. The agreement pertains solely to the rights between those parties which can be determined without the intervention of SCE&G.

The majority applies the *Sagebrush Rebellion* four-prong test to the motion. Excluding the first prong, from which no disagreement arises, the trial judge properly considered the appellant's possible avenues of intervention and denied the motion under the same standards. He came to a sound determination within his discretion and should be affirmed. *Thomasson v. Ocean Point Golf, Inc.*, 300 S.C. 29, 386 S.E. (2d) (Ct. App. 1989).

The second prong requires the proposed intervenor assert "an interest relating to the property or transaction which is the subject of the action." The subject of the action is the contract between Mount Pleasant and Berkeley Electric. The appellant is neither a signatory nor third-party beneficiary to the contract and, therefore, has no interest in the subject of the action. SCE&G claims rights under a separate, independent agreement entered into six years after the purported agreement between Berkeley Electric and Mount Pleasant in 1982. Elements which could be injected by SCE&G would not be necessary to determining the validity of the 1982 contract between Berkeley and Mount Pleasant, nor should the effect of the outcome of this litigation upon SCE&G be a consideration in weighing the merits of the case.

The potential intervenor must prove that his ability to protect his interest will be impaired or impeded if he is not allowed to intervene. If the appellant has an interest at all, it is in the outcome of the litigation between Berkeley Electric and Mount Pleasant.

In *TPI Corp. v. Merchandise Mart of S.C.*, 61 F.R.D. 684 (D.S.C. 1974), the court stated:

> Literally Rule 24(a) requires practical impairment of the ability to protect an interest and not practical impairment of the ability to assert an interest.

If need be, SCE&G can assert a cause of action against Mount Pleasant after the dispute between Berkeley and Mount Pleasant has been resolved. Intervention under Rule

24(a)(2) was not warranted because the appellant does not have an interest in this action to protect, merely an interest it might assert if a decision in Berkeley's favor is rendered. Any purported interest of SCE&G is contingent upon a determination of whether or not Mount Pleasant had a right to enter into the 1988 agreement which created SCE&G's alleged rights.

The majority finds that a determination in Berkeley's favor may impair or impede SCE&G's ability to serve its customers and protect its investments. Following the reasoning of the majority, a potential party could trespass on disputed property, create an interest by erecting or constructing its own fixture, and then move to intervene.

I do not, nor apparently the trial judge, consider Rule 24 to stretch this far. Although the rule calls for liberal interpretation, the trial judge has the perfect right to be as liberal in one direction as the majority would rule in the other.

Finally, SCE&G must prove that their cause is not adequately represented by the parties involved in the action. *S.C. Tax Commission v. Union City Treasurer*, 295 S.C. 257, 368 S.E. (2d) 72 (Ct. App. 1988).

> . . . The burden of showing an inadequacy of representation is minimal. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538, 92 S. Ct. 630, 30 L. Ed. (2d) 686 (1971) (ftn 10) [However when] the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented against which the petitioner must demonstrate adversity of interest, collusion or nonfeasance. *Ordnance Container Corp. v. Sperry Rand Corp.*, 478 F. (2d) 844 (5th Cir. 1973); *Commonwealth of Virginia v. Westinghouse Electric Corp.*, 542 F. (2d) 214, 216 (4th Cir. 1976).

Is there any doubt that both Mount Pleasant and SCE&G have the "same ultimate objective"? Both want the trial court to find the Berkeley Electric agreement invalid. Both will benefit from a decision in Mount Pleasant's favor.

A favorable decision for Mount Pleasant will release Mount Pleasant from any liability of breach of contractual obligations to Berkeley. Likewise, a favorable decision will free

Mount Pleasant to carry out the agreement it has with SCE&G. SCE&G fails to prove that Mount Pleasant does not protect SCE&G's interests as it protects its own.

The trial judge is vested with the discretion to determine the appropriateness of the appellant's motion for intervention. Judicial expediency is favored and encouraged when practical and appropriate, but it cannot and should not be the controlling factor in every situation. After weighing the factors in accordance with the law, the trial judge came to a reasonable determination and his decision should be given deference by the appellate court. I would affirm.

FINNEY, J., concurs in results only of dissenting opinion.