427 S.E.2d 661 (1993)
Ex Parte Stephen S. REICHLYN, Appellant.
In re SOUTH CAROLINA DEPARMENT OF HEALTH AND ENVIRONMENTAL CONTROL, Respondent,
v.
COLUMBIA ORGANIC CHEMICAL CO., INC., Respondent.
No. 23811.
Supreme Court of South Carolina.
Heard November 6, 1992.
Decided February 22, 1993.
Rehearing Denied March 23, 1993.
*662 Isadore S. Bernstein, Columbia, for appellant.
Walton J. McLeod, III, and Jacquelyn S. Dickman, Columbia, for respondent S.C. Dept. of Health and Environmental Control.
D. Reece Williams, III, and Frank R. Ellerbe, III, of Robinson, McFadden & Moore, Columbia, for respondent Columbia Organic Chemical Co., Inc.
HARWELL, Chief Justice:
Appellant Stephen S. Reichlyn (Reichlyn), appeals from an order denying his motion to intervene as of right in an environmental enforcement action between the respondents. We affirm.

I. FACTS
Respondent South Carolina Department of Health and Environmental Control (DHEC) brought an enforcement action against Columbia Organic Chemical Company (COCC) on January 15, 1990, to obtain compliance with an earlier administrative order that required remediation of environmental hazards and payment of a substantial civil penalty. On September 21, 1990, one month after judgment was awarded in favor of DHEC, COCC filed a petition for Chapter 11 bankruptcy. On October 5, 1990, Reichlyn, a former president of COCC, obtained a judgment against COCC pursuant to S.C.Code Ann. § 33-8-500 to -580 (1990) for indemnification of his payment of COCC's environmental fines.[1] With Reichlyn's consent, the automatic stay imposed by 11 U.S.C. § 362(a) was lifted on April 4, 1991, for the narrow purpose of allowing DHEC to pursue environmental *663 remediation. Thereafter, DHEC and COCC entered into a consent order that, among other things, required COCC to dismiss its Chapter 11 bankruptcy petition. COCC's Chapter 11 case was dismissed without objection on July 23, 1991.
On July 26, 1991, Reichlyn attempted to execute on his judgment against COCC. The execution was returned nulla bona on August 26, 1991. Two days later, Reichlyn moved to intervene in DHEC's environmental enforcement action pursuant to Rule 24(a)(2), SCRCP, claiming that COCC had undiscovered or undervalued assets available to satisfy its judgment creditors. Reichlyn further claimed that all creditors' liens should be satisfied before assets were expended to fund environmental remediation. The trial judge found that Reichlyn's motion was untimely and, alternatively, that environmental remediation had priority over Reichlyn's judgment. Reichlyn appealed.

II. DISCUSSION
Reichlyn contends that the trial judge erred in ruling that he could not intervene of right pursuant to Rule 24(a)(2), SCRCP.[2] We disagree.
A party moving to intervene under Rule 24(a)(2), SCRCP, must: 1) establish timely application; 2) assert an interest relating to the property or transaction which is the subject of the action; 3) demonstrate that it is in a position such that without intervention, disposition of the action may impair or impede its ability to protect that interest; and 4) demonstrate that its interest is inadequately represented by other parties. Berkeley Elec. Coop., Inc. v. Town of Mt. Pleasant, 302 S.C. 186, 394 S.E.2d 712 (1990). Reichlyn argues that he timely asserted an interest in COCC's property by way of his judgment, that liquidation of COCC's assets will impair his ability to protect that interest, and that neither party adequately represents his interest.
As an initial matter, we note that the judgment Reichlyn alleges to give him an interest in the property that is the subject of DHEC's enforcement action was obtained after COCC petitioned for Chapter 11 bankruptcy. 11 U.S.C.A. § 362 (1979 & Supp.1992) provides:
(a) except as provided in subsection (b) of this section, a petition filed under section 310, 302, or 303 of this title ... operates as a stay, applicable to all entities, of
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title....
The obtaining of a judgment after the filing of a petition[3] will, in most circumstances, be stayed as a continuation of an action stayed under paragraph § 362(a)(1). 2 Collier On Bankruptcy Para. 362.04[2] (15th ed.1992). See also Bailey v. Campbell, 829 P.2d 667, 673 (Okla.1991) (judicial proceedings undertaken in violation of an automatic stay are ineffective); Great Southwest Fire Ins. Co. v. Triple "I" Ins. Services, Inc., 151 Ariz. 283, 727 P.2d 336 (1986) (judgment entered in violation of the stay is void). The automatic stay imposed by section 362 deprived the trial judge in Reichlyn's action against COCC of subject matter jurisdiction to take any action inconsistent with the stay. See Chapliski v. Churchill Coal *664 Corp., 349 Pa.Super. 285, 503 A.2d 1 (1985) (order entered after debtor files bankruptcy petition is a legal nullity even though based on pre-petition settlement); In re Cramer v. Grover, 7 B.R. 133 (Bankr. D.Colo.1980) (automatic stay deprives court of jurisdiction to enter judgment in prepetition action). As such, the trial judge lacked subject matter jurisdiction to enter judgment against COCC. Lack of subject matter jurisdiction may not be waived and should be taken notice of by this Court. Anderson v. Anderson, 299 S.C. 110, 382 S.E.2d 897 (1989). Accordingly, we find that Reichlyn's judgment against COCC is void.
We turn now to the question whether Reichlyn's interest in COCC's assets as a source of funds from which he may be indemnified, asserted without a judgment, is sufficient to warrant intervention of right.
Intervention of right requires a direct, substantial, legally protectable interest in the proceedings. State of Arizona v. Motorola, Inc., 139 F.R.D. 141, 144 (D.Ariz.1991). Here, Reichlyn's mere desire to preserve COCC's assets to fund his indemnification is not direct or legally protectable interest in the property that is the subject of DHEC's environmental enforcement action. See Gould v. Alleco, Inc., 883 F.2d 281, 285 (4th Cir.1989) (merely claiming a general interest in a corporation's assets based on the potential of recovery in an unrelated civil action does not satisfy Rule 24's interest requirement). Accordingly, we hold that Reichlyn does not have a sufficient interest to require intervention pursuant to Rule 24(a)(2).
Moreover, even if Reichlyn had possessed a sufficient interest in the action between DHEC and COCC, his motion to intervene was untimely. In Davis v. Jennings, 304 S.C. 502, 405 S.E.2d 601 (1991), we held that a court must consider the following factors in determining whether a motion to intervene is timely:
1) the time that has passed since the applicant knew or should have known of his or her interest in the suit; 2) the reason for the delay; 3) the stage to which the litigation has progressed; and 4) the prejudice the original parties would suffer from granting intervention and the applicant would suffer from denying intervention.
Id. at 504, 405 S.E.2d at 603.
Here, both the stage to which the litigation has progressed and the prejudice to the original parties support a conclusion that Reichlyn's motion to intervene was untimely. Intervention by Reichlyn to challenge the consent order would delay decontamination of the site and possibly could require re-negotiation of the settlement. The original parties and the public, whose interests DHEC represents, would be prejudiced by any delay in the implementation of environmental remediation. We find that the potential prejudice to public health concerns caused by such a delay far outweighs Reichlyn's personal economic interests.
In addition, Reichlyn's motion to intervene was filed after DHEC and COCC entered into a consent order to remedy hazardous environmental conditions. Thus, in our view, there is no ongoing judicial "action" into which Reichlyn can intervene.
Our ruling makes it unnecessary to consider Reichlyn's claims with regard to the remaining factors required for intervention pursuant to Rule 24(a)(2) because failure to satisfy any one of the four requirements precludes intervention. See, e.g., Mothersill D.I.S.C. v. Petroleos Mexicanos, S.A., 831 F.2d 59, 62-63 (5th Cir.1987) (the fact that a prospective intervenor will be unable to collect a debt without access to settlement funds is irrelevant in the absence of some interest in the main action).
For the foregoing reasons, we find that Reichlyn cannot intervene as of right pursuant to Rule 24(a)(2), SCRCP. The order of the trial judge is
AFFIRMED AS MODIFIED.
CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.
NOTES
[1] At oral argument, Reichlyn stated that the action was concluded prior to the filing of COCC's Chapter 11 petition except that the formality of entering the order had not been completed.
[2] Rule 24(a). Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
[3] Reichlyn's judgment was not final until it was written and entered. First Union Nat'l Bank v. Hitman, Inc. 306 S.C. 327, 411 S.E.2d 681 (Ct. App.1991), aff'd, ___ S.C. ___, 418 S.E.2d 545 (1992). See also Rule 58(a), SCRCP (judgment not effective until entered in the record).