**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mark F. Teseniar and Nan M. Teseniar, on behalf of themselves and others similarly situated, and Twelve Oaks at Fenwick Property Owners Association, Inc. (from December 16, 2008 to present), Respondents,

v.

Fenwick Plantation Tarragon, LLC, a South Carolina Limited Liability Company, f/k/a Fenwick Tarragon Apartments, LLC, a South Carolina Limited Liability Company, Charleston Tarragon Manager, LLC, a Delaware Limited Liability Company, Tarragon Development Corporation, a Nevada Corporation, Summit Contractor WSW Group, Inc., Summit Contractors, Inc., Fugleberg Koch Architects, Inc., Development, Compliance & Inspections, Inc., H2L Consulting Engineers, Twelve Oaks at Fenwick Property Owners Association, Inc., (from August 6, 2006 to December 15, 2008), Professional Plastering & Stucco, Inc., Johnson Companies, Inc., d/b/a Johnson Roofing, Inc., Los Compos, Inc., North Florida Framing, Inc., Best Masonry & Tool Supply, Inc., as successor in interest to Manga Wall Inc., All South Vinyl Products, Inc., Marquez Construction, Inc., J.T. Walker Industries, Inc., J.T. Industries d/b/a General Aluminum Corporation and General Aluminum Company of Texas, LP, J.R. Hobbs Co.-Atlanta, LLC f/k/a JRH Merger Co., LLC, Jamie Helman, individually, Scott Ferguson, individually, and Chris Cobbs, individually, and Federal Insurance Company, Maria Arias, Miquel Roales, APS Enterprises, Unlimited, Inc., HR Electric, A.M. Jacobs, Inc., Mickey Mason, d/b/a Mason Contractors KMAC of the

Carolinas, Inc., NEO Corporation and Vava Guzman
Construction Company, Inc., Defendants,

And Mt. Hawley Insurance Company is the
Appellant/Proposed Intervenor.

Appellate Case No. 2016-000185

───────────

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

───────────

Unpublished Opinion No. 2018-UP-420
Submitted April 2, 2018 – Filed November 7, 2018

───────────

**AFFIRMED**

───────────

Andrew K. Epting, Jr. and Michelle N. Endeman, both of
Andrew K. Epting, Jr., LLC, of Charleston, and C.
Mitchell Brown, of Nelson Mullins Riley &
Scarborough, LLP, of Columbia, for
Appellant/Intervenor.

Michael A. Timbes, Thomas J. Rode, and Jesse A.
Kirchner, all of Thurmond Kirchner & Timbes, P.A.; W.
Jefferson Leath, Jr., of Leath, Bouch & Seekings, LLP;
and John T. Chakeris, of The Chakeris Law Firm, all of
Charleston; Justin O'Toole Lucy, of Lucy Law Firm, and
Phillip W. Segui, Jr., of Segui Law Firm, PC, both of
Mount Pleasant, for Respondents.

───────────

**PER CURIAM:** In this civil matter, Mt. Hawley Insurance Company appeals the
circuit court's denial of Mt. Hawley's motion to intervene and motion for relief
from judgment. First, Mt. Hawley argues the circuit court erred in denying Mt.
Hawley's motion to intervene under Rule 24(a)(2) and (b), SCRCP, in a class
action lawsuit brought against Mt. Hawley's insured, North Florida Framing (NFF),

by Mark F. Teseniar and Nan M. Teseniar, on behalf of themselves and others similarly situated, and by Twelve Oaks at Fenwick Property Owners Association, Inc. (collectively, Respondents). Second, Mt. Hawley argues the circuit court erred in failing to find the judgment against NFF was void under Rule 60(b)(4) and (5), SCRCP, because (a) the circuit court entered judgment against NFF after dismissing NFF's case with prejudice; (b) the judges who entered the default order and the default judgment order against NFF and denied Mt. Hawley's motion to intervene and motion to set aside the judgment lacked subject matter jurisdiction, which rendered the orders void; (c) Respondents were judicially estopped from seeking default judgment against NFF; and (d) Respondents withheld material information from the master-in-equity at NFF's damages hearing. We affirm.

1. We find the circuit court did not abuse its discretion in denying Mt. Hawley's motion to intervene pursuant to Rule 24(a)(2), SCRCP, because the motion was untimely. A party seeking intervention under Rule 24(a)(2), SCRCP, must (1) make a timely application; (2) claim an interest relating to the property or transaction at issue in the action; (3) demonstrate that without intervention, disposition of the action may impair or impede its ability to protect that interest; and (4) demonstrate that its interest is not adequately represented by the existing parties. *Berkeley Elec. Coop., Inc. v. Town of Mt. Pleasant*, 302 S.C. 186, 189, 394 S.E.2d 712, 714 (1990). Generally, the court should liberally construe the rules of intervention when judicial economy will be promoted by declaring the rights of all affected parties. *Id.* However, failure to prove one of the four requirements for intervention under Rule 24(a)(2) precludes the party from intervening. *Ex parte Reichlyn*, 310 S.C. 495, 500, 427 S.E.2d 661, 664 (1993).

To determine whether a motion to intervene is timely, the court must consider (1) the time that elapsed since the applicant knew or should have known of its interest in the action; (2) the reason for the delay; (3) the stage to which the action has progressed; and (4) the prejudice the original parties to the action would suffer from granting intervention and the applicant would suffer from denying intervention. *Id.* Under Federal Rule of Civil Procedure 24(a), which is identical to Rule 24, SCRCP, in all relevant respects, "[a] motion to intervene is timely if it is filed promptly after a person obtains actual or constructive notice that a pending case threatens to jeopardize his rights." *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 8 (1st Cir. 2009).

Mt. Hawley's claimed interest on appeal, as "an insurer of a defendant in this case," is the same interest Mt. Hawley had when NFF notified it of the case in 2009. We find Mt. Hawley knew or should have known of its interest as an insurer when it

received notice of the class action in 2009 and asserted a reservation of rights and coverage defenses. When Mt. Hawley moved to intervene on July 28, 2015, the class action had progressed to a late stage in the proceedings: in 2011, settlement negotiations began, the nonsettling defendant went to trial, and the court entered default against NFF; and on May 14, 2013, the master held the damages hearing and entered default judgment against NFF. Pending court approval of one defendant's settlement agreement, the underlying class action had all but concluded when Mt. Hawley moved to intervene. Mt. Hawley's sole reason for intervening in the underlying class action was to challenge the judgment against NFF. Allowing Mt. Hawley to intervene in the proceedings would cause undue delay in the final resolution of the underlying class action and undermine the finality of the judgment, in contravention of public policy favoring finality. *See Chewning v. Ford Motor Co.*, 354 S.C. 72, 86, 579 S.E.2d 605, 613 (2003) (recognizing the "longstanding policy towards final judgments" and that "important benefits are achieved by the preservation of final judgments"). If Mt. Hawley had defended NFF at the inception of the case, like NFF's other insurers, Mt. Hawley could have readily asserted all defenses to the case. Mt. Hawley is free to collaterally attack the judgment and assert its defenses, including the coverage defenses it reserved in 2009, in the separate judgment creditor action pending against Mt. Hawley. The facts of this case do not favor construing the rules of intervention to allow an insurance company to intervene in an underlying liability case six years after its insured put it on notice of the case and two years after the master held the damages hearing and entered default judgment against its insured. *See Berkeley Elec.*, 302 S.C. at 189, 394 S.E.2d at 714 (stating that, in determining whether a party has a right to intervene in a suit, the court should consider the pragmatic consequences of the decision to permit or deny intervention and must examine each case in the context of its unique facts and circumstances).

Because we find Mt. Hawley's motion to intervene untimely, we decline to address the other factors of intervention under Rule 24(a)(2), SCRCP. *See Reichlyn*, 310 S.C. at 500, 427 S.E.2d at 664 (finding the motion to intervene untimely and declining to consider "the remaining factors required for intervention pursuant to Rule 24(a)(2) because failure to satisfy any one of the four requirements precludes intervention"); *see also Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (concluding an appellate court need not address remaining issues when its disposition of another issue is dispositive of the appeal). Therefore, we affirm the circuit court's denial of Mt. Hawley's motion to intervene.

2.  Because we affirm the denial of Mt. Hawley's motion to intervene, Mt. Hawley is not a party or the legal representative of a party to the challenged judgment and lacks standing to seek relief under Rule 60(b).  *See* Rule 60(b), SCRCP (stating "the court may relieve a *party or his legal representative* from a final judgment, order, or proceeding" (emphasis added)); *Narruhn v. Alea London Ltd.*, 404 S.C. 337, 343, 745 S.E.2d 90, 93 (2013) (finding an insurer lacked standing to bring a Rule 60(b), SCRCP, motion to set aside a judgment because the insurer was not a party or the legal representative of a party to the judgment from which it sought relief).  Therefore, we decline to address Mt. Hawley's Rule 60(b), SCRCP, motion because our resolution of the prior issue is dispositive.[1]  *See Futch*, 335 S.C. at 613, 518 S.E.2d at 598 (concluding an appellate court need not address remaining issues when its disposition of another issue is dispositive of the appeal).

**AFFIRMED.**[2]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] Because Rule 60(b), SCRCP, forms the basis for the entirety of section III of Mt. Hawley's brief, we find Mt. Hawley is precluded from seeking relief under Rule 60(b) for all of the issues raised in section III of the brief.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.