**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ex Parte Beaullah Belin and James Belin, Appellants

In re Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A, Plaintiff,

v.

Bertha Dunham a/k/a Bertha E. Dunham; and Ernest L. Dunham, Defendant(s)

of which Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A is the Respondent.

Appellate Case No. 2020-000139

―――――――――

Appeal From Marion County
W. Haigh Porter, Special Referee

―――――――――

Unpublished Opinion No. 2022-UP-333
Submitted July 27, 2022 – Filed August 10, 2022

―――――――――

**AFFIRMED**

―――――――――

Paul B. Ferrara, III, of Ferrara Law Firm, PLLC, of N. Charleston, for Appellants.

Peter M. Balthazor, of Riley Pope & Laney, LLC, of Columbia; and William Price Stork, of Zwicker & Associates, P.C., of Columbia, both for Respondent.

---

**PER CURIAM:** Beaullah and James Belin appeal an order denying their motion to intervene and set aside judgment in a mortgage foreclosure action between Bertha and Ernest Dunham and Wilmington Savings Fund Society, FSB (the Bank). On appeal, the Belins argue the special referee abused its discretion by denying their motion to intervene and public policy favored intervention to serve the interest of justice. We affirm pursuant to Rule 220(b), SCACR.

We hold the special referee did not abuse its discretion by denying the Belins' motion to intervene pursuant to Rule 24(a)(2), SCRCP. *See In re Horry Cnty. State Bank*, 361 S.C. 503, 507, 604 S.E.2d 723, 725 (Ct. App. 2004) ("The standard of review for a Rule 24(a)(2)[, SCRCP,] motion is whether the judge abused his discretion in granting or denying the motion."); *id.* at 508, 604 S.E.2d at 725 (providing that pursuant to Rule 24(a)(2), in order to intervene as of right, a party must "(1) establish timely application; (2) assert an interest relating to the property or transaction which is the subject of the action; (3) demonstrate that it is in a position such that without intervention, disposition of the action may impair or impede its ability to protect that interest; and (4) demonstrate that its interest is inadequately represented by other parties").

Based on the time that had passed since the Belins knew or should have known of their interest, the stage to which the litigation had progressed, and the prejudice to the original parties, we hold the special referee did not abuse its discretion by finding the Belins did not timely file their application to intervene. *See Ex parte Reichlyn*, 310 S.C. 495, 500, 427 S.E.2d 661, 664 (1993) ("[A] court must consider the following factors in determining whether a motion to intervene is timely: 1) the time that has passed since the applicant knew or should have known of his or her interest in the suit; 2) the reason for the delay; 3) the stage to which the litigation has progressed; and 4) the prejudice the original parties would suffer from granting intervention and the applicant would suffer from denying intervention."). Here, the Bank filed its lis pendens and summons and complaint for foreclosure in September 2018. On April 25, 2019, the special referee filed an order of judgment of foreclosure and sale and a notice of sale, directing the subject property be sold at public auction on June 11, 2019. The notice of sale was advertised in a local newspaper on May 22 and 29, 2019, and June 5, 2019. The property was sold to the Bank on June 11, 2019, and the Bank recorded its deed on August 28, 2019.

The Belins did not file their motion to intervene and motion to set aside judgment until October 25, 2019—more than a year after the Bank filed the lis pendens and more than four months after the property was sold. Nothing in the record establishes the reason for the Belins' delay. Accordingly, we affirm the special referee's denial of the Belins' motion.[1] *See id.* at 500, 427 S.E.2d at 664 (explaining it is unnecessary to consider the remaining factors required for intervention pursuant to Rule 24(a)(2) "because failure to satisfy any one of the four requirements precludes intervention").

We find the Belins' second issue not preserved for appellate review because neither the order on appeal nor the remainder of the record show that this argument was raised to and ruled on by the special referee. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (finding an issue must be raised to and ruled upon by the trial court to be preserved for appeal).

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] The Belin's arguments related to Rule 71, SCRCP, are not preserved for appellate review because neither the order on appeal nor the record show that this argument was raised to and ruled on by the special referee. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (finding an issue must be raised to and ruled upon by the trial court to be preserved for appeal). Further, although the Belins argue the factors enumerated in *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525 (9th Cir. 1983), were not considered, we find this argument without merit. The special referee's order quoted the *Sagebrush* factors through its citation to *Berkeley Electric Co-op. v. Town of Mt. Pleasant*, 302 S.C. 186, 191, 394 S.E.2d 712, 715 (1990), and addressed the factors in its analysis following the quote.
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.