**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

In the Matter of Estate of Paul B. Barringer, II
Hampton Barringer Luzak, Appellant,

v.

Merrill B. Light, Merrill U. Barringer, as Personal Representative of the Estate of Paul Brandon Barringer, II, J. Randolph Light, Jr., Merrill B. Light as putative trustee of the Paul B. Barringer, II, Revocable Trust dated December 4, 1998, Merrill B. Light as Trustee of the Merrill Barringer Light Revocable Trust, and Merrill U. Barringer, Respondents,

and

Coastal Forest Resources Company, Intervenor/Respondent.

Appellate Case No. 2021-000837

———

Appeal from Beaufort County
Bentley Price, Circuit Court Judge

———

Memorandum Opinion No. 2024-MO-003
Heard November 14, 2023 – Filed January 17, 2024

———

**AFFIRMED IN PART, REVERSED IN PART,**

**AND REMANDED**

Thomas W. Traxler, of Carter Smith Merriam Rogers & Traxler, of Greenville; Desa Ballard, of Ballard & Watson, Attorneys at Law, of West Columbia; James R. Gilreath and William Mitchell Hogan, both of The Gilreath Law Firm, P.A., of Greenville; Charles B. Macloskie, III, of Macloskie Law Firm, of Beaufort; S. Alan Medlin, of Columbia, all for Appellant.

Robert H. Brunson and Merritt Gordon Abney, both of Nelson Mullins Riley & Scarborough, LLP, of Charleston, C. Mitchell Brown, of Nelson Mullins Riley & Scarborough, LLP, of Columbia; Bijan Khaladj-Ghom and Alice F. Paylor, both of Saxton & Stump, LLC, of Charleston; and Charles B. Molster, III, of The Law Offices of Charles B. Molster, III, PLLC, of Washington D.C.; all for Respondent Merrill B. Light.

Harley Delleney Ruff, of Ruff & Ruff, LLC, of Beaufort; James Ashley Twombley, of Twenge & Twombley, LLC, of Beaufort, both for Respondent Merrill U. Barringer.

Erin DuBose Dean, of Tupper, Grimsley, Dean & Canaday, P.A., of Beaufort; and Edward J. Fuhr and Johnathon E. Schronce, of Hunter Andrews Kurth, LLP, of Richmond, VA; all for Respondent Coastal Forest Resources Company.

---

**PER CURIAM:** This is an appeal from an interlocutory order entered in two consolidated lawsuits filed in Beaufort County in 2016. The two cases are primarily about ownership and control of Coastal Forest Resources Company (CFRC). The central dispute in these cases is the validity of two stock transfers in 2012 through which Paul Barringer transferred a controlling interest in CFRC to Merrill B. Light, his daughter. Barringer's other daughter—Hampton B. Luzak—is the plaintiff in each lawsuit. Luzak's primary allegation is that the 2012 stock transfers are invalid because her father had developed dementia and become mentally incompetent before Light manipulated him into making the transfers he would not otherwise have made.

The order includes five paragraphs, and we review each in turn. We affirm in part, reverse in part, and remand for further proceedings.

## I.

Paragraph one of the order granted CFRC leave to intervene pursuant to Rule 24(a)(2), SCRCP, "for the limited purpose of precluding the litigation of derivative claims on behalf of CFRC in this action."

Because the challenged stock transfers gave Light control of over 51% of the voting stock in CFRC, she effectively controls CFRC. That control raises concerns about whether CFRC genuinely sought intervention to serve the best interests of all its shareholders or acted primarily to serve only Light's interests. This issue is central to whether CFRC should be allowed to intervene. *See Berkeley Elec. Co-op., Inc. v. Town of Mt. Pleasant*, 302 S.C. 186, 189, 394 S.E.2d 712, 714 (1990) (explaining the showing a party must make for intervention of right under Rule 24(a)(2), SCRCP). There is no indication the circuit court analyzed this issue, and the circuit court simply allowed CFRC to intervene as a matter of right without explanation in the order. Failing to analyze this issue and explain its decision was error by the circuit court.

However, Luzak stated unequivocally during oral argument she has no intention of pursuing derivative claims in this case. Also, CFRC stated unequivocally it has no interest in this case beyond ensuring that it controls its own (derivative) claims. Thus, we affirm paragraph one of the order only to the limited extent that CFRC is permitted to be heard on the question of whether particular claims or elements of damages are derivative in nature. *See* Rule 24(c), SCRCP (Requiring that motions to intervene "shall state the ground therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought"). Our ruling is without prejudice to CFRC's right to ask for a broader scope for its intervention if it deems doing so necessary. If such a request is made, the circuit court shall give full consideration to all the elements we set forth in *Berkeley Electric Co-operative*, including the issue of Light's control of CFRC and how that impacts the parties' interests.

## II.

Paragraph two of the order dismissed Luzak's civil conspiracy cause of action because it "constitutes a derivative claim under the law of Virginia." However,

Luzak's civil conspiracy cause of action on its face seeks some damages that are clearly not derivative. For example, Luzak alleges Light conspired with various other people to deprive Luzak of "the expected inheritance and gifts from Decedent Paul Barringer." Inheritance and gifts from Luzak's father are clearly damages personal to Luzak and not damages belonging to CFRC. Thus, we reverse the circuit court's dismissal of this cause of action.

## III.

Paragraph three of the order provided various "categories of damages" identified by Luzak's expert witness "are hereby stricken, and Mrs. Luzak cannot recover damages based on those claims." The paragraph continued: "Those four categories of damages also constitute derivative claims under Virginia law." It is not clear what it means for those "categories of damages" to be "stricken." To the extent striking portions of the expert's report was an evidentiary ruling, we decline to address the issue because pre-trial rulings on the admissibility of evidence are not final orders. *See S.C. Dep't of Transp. v. McDonald's Corp.*, 375 S.C. 90, 92, 650 S.E.2d 473, 474 (2007) ("A motion *in limine* is generally not considered a final order . . . .").

To the extent striking portions of the expert's report was an attempt to differentiate between derivative and non-derivative claims, we expect Luzak will narrow her claims to only non-derivative claims seeking damages belonging to her, not to CRFC. We hold the circuit court should consider on remand any remaining dispute as to the question of which claims or elements of damages are derivative. Because CFRC is a Virginia corporation, this question will be governed by Virginia law. *See, e.g.*, *Meland v. WEBER*, 2 F.4th 838, 848 (9th Cir. 2021) ("To determine whether a plaintiff's claim is direct or derivative, we apply the law of the state of incorporation . . . ."); *Kennedy v. Venrock Assocs.*, 348 F.3d 584, 589 (7th Cir. 2003) ("The question whether a suit is derivative by nature or may be brought by a shareholder in his own right is governed by the law of the state of incorporation."); *Nichols v. HealthSouth Corp.*, 2d81 So. 3d 350, 358 (Ala. 2018) ("'[T]he determination whether the shareholders' claims are derivative or direct must . . . be made in accordance with' the law of the state of incorporation.").

## IV.

Paragraph four of the order prevented Luzak from recovering for damages arising from a 2013 stock issuance from CFRC to Travis Bryant after he was appointed CEO. The circuit court ruled Luzak was barred by claim preclusion because the

"United States District Court for the Eastern District of Virginia granted summary judgment as to this exact claim."

In this case, Luzak seeks to recover damages for the stock transfer to Bryant. Luzak argues that once Light gained control of CFRC, she used that control to issue stock to Bryant, thereby diluting the interest and value of Luzak's stock. Luzak argues the circuit court erred because she raises different causes of actions based on a different set of operative facts than those at issue in Virginia. We disagree.

Rule 1:6 of the Rules of the Supreme Court of Virginia governs claim preclusion in Virginia:[1]

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, is forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

Va. Sup. Ct. R. 1:6. Claim preclusion applies under Virginia law when (1) there is a final judgment on the merits, (2) the parties are the same, and (3) both causes of action arise out of the same conduct, transaction, or occurrence. *Lee v. Spoden*, 290 Va. 235, 246-48, 776 S.E.2d 798, 804-05 (2015).

---

[1] Virginia law determines the preclusive effect of the Virginia summary judgment. "[F]ederal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508, 121 S. Ct. 1021, 1028, 149 L. Ed. 2d 32 (2001)." Under federal common law, the federal court must apply the preclusion law of the state in which the court sits. *Id*. Here, the court that dismissed Luzak's earlier claim was a Virginia district court sitting in diversity. Thus, Virginia law applies to the question of whether Luzak's damages regarding the stock issuance to Bryant are barred by claim preclusion.

The stock issuance to Bryant challenged in the Virginia litigation is the same transaction Luzak claims caused her damages in this case. *See Luzak v. Light*, No. 115CV501AJTIDD, 2016 WL 3854118, at *1-2 (E.D. Va. July 8, 2016). Luzak argues her claims here differ, however, because she "is not seeking in this action to unwind the stock transfer to Bryant, nor does she assert there was damage to the corporation." Luzak asks the South Carolina court to focus on the stock transfer from Paul Barringer to Light instead of the stock issuance from CFRC to Bryant. But the fact Light may have exercised unlawful control of CFRC does not automatically allow Luzak to recover damages for every corporate decision that was made after Light took control. Light's control of the corporation does not change the fact CFRC had to pay its CEO, and it is not uncommon for a corporation to offer its officers stock in the company as part of their compensation packages. Thus, Luzak must prove two things in order to recover damages for the stock issuance to Bryant: (1) Light unlawfully gained control of the company, and (2) the decision to issue stock to Bryant was an invalid corporate action.

The second point—whether the decision to issue stock to Bryant was a valid corporate action—has already been litigated with finality in Virginia. Luzak's counterclaim in the Virginia case arises out of the same transaction as her claim for damages for the stock issuance to Travis Bryant in this case. Luzak's claim for damages arising from the 2013 stock issuance from CFRC to Travis Bryant is therefore barred by claim preclusion.

## V.

Paragraph five of the order provided, "Pursuant to S.C. Code § 15-53-20, the Court hereby declares that Mrs. Luzak may not litigate any derivative claims on behalf of CFRC in this action." In light of Luzak's stated intention not to pursue derivative claims, the appeal of the ruling in paragraph five is moot. *See Curtis v. State*, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001) ("An appellate court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy.").

## VI.

In light of everything that has elapsed in this case—particularly the clarification that Luzak will not pursue any derivative claims—we direct that all matters regarding mode of trial, including the order bifurcating trial, shall be reconsidered by the circuit court on remand.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES, JJ., and Acting Justice Frank R. Addy, Jr., concur.**