**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

In Re: Claudia Mack, Appellant,

v.

Charleston County Department of Social Services, Jessica B., Patrick Blaine S., Carrie S., and Patrick S., Respondents.

In the interest of a minor under the age of eighteen (18) years.

Appellate Case No. 2010-176987

---

Appeal From Charleston County
Jocelyn B. Cate, Family Court Judge

---

Unpublished Opinion No. 2013-UP-009
Heard November 28, 2012 – Filed January 2, 2013

---

### AFFIRMED IN PART, REVERSED IN PART, DISMISSED IN PART

---

John D. Elliott, of Law Offices of J. Elliott, of Columbia, for Appellant.

John Fulton Knobeloch, of King & Knobeloch, PC, of Mount Pleasant, for Respondents Carrie S. & Patrick S.

Sean F. Keefer, of Sean F. Keefer, LLC, of Charleston, for Respondent Jessica B.

Rose-Marie Theis Carlisle and Newman Jackson Smith, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent Patrick Blaine S.

John Corbitt Hinson, III, of South Carolina Department of Social Services, of Rock Hill, for Respondent Charleston County Department of Social Services.

Joshua Keith Roten, of Charleston, for Respondent Guardian ad Litem.

---

**PER CURIAM:** Claudia Mack, a foster parent (Foster Mother), appeals the family court's orders denying her motion to intervene and dismissing her action for custody due to lack of standing. Additionally, she appeals the family court's order granting temporary custody of a fourteen-month old girl (Child) to her paternal grandparents, arguing the order violated her due process rights, the permanency planning statute, and the Federal Adoptions and Safe Families Act. She also argues the family court erred in failing to consider the best interests of Child and in awarding attorney's fees to the paternal grandparents (Grandparents). We affirm in part, reverse in part, and dismiss in part.

1.    The temporary order did not violate Foster Mother's due process rights. "[F]oster parents' procedural and due process rights with regard to their foster children are more limited than the rights of legal parents." *Michael P. v. Greenville Cnty. Dep't of Soc. Servs.*, 385 S.C. 407, 416, 684 S.E.2d 211, 215 (Ct. App. 2009). Any procedural and due process rights on the part of foster parents are limited because the basis of the relationship between the foster child and the foster parent "has its source in state law and contractual arrangements." *Smith v. Org. of Foster Families*, 431 U.S. 816, 845-46 (1977). Although section 63-7-1630 of the South Carolina Code (2010) requires the Department of Social Services to provide foster parents with notice of a hearing, it explicitly states it "does not confer on the foster parent . . . the status of a party to the action." We hold that as a non-party, Foster Mother was not entitled to procedural due process. Furthermore, we hold the ten day notice requirement of regulation 114-140 of the South Carolina Code is inapplicable when, as here, the change in custody is

spontaneous and is approved by court order. *See* S.C. Code Ann. Regs. 114-140.A(2)(a) (Supp. 2011) ("A foster parent shall not have the right to appeal: (a) the removal of a foster child from his or her home if a court has authorized the removal . . . .").

2.     The family court did not err in dismissing Foster Mother's action for custody because, as a former foster parent, Foster Mother did not have standing to file an action for custody. *See Michael P.*, 385 S.C. at 418, 684 S.E.2d at 216-17 (analyzing case law from other jurisdictions and finding former foster parents do not have standing to file an action for adoption); *see also Priester v. Fayette Cnty. Children & Youth Servs.*, 512 A.2d 683, 684-85 (Pa. Super. Ct. 1986) (holding former foster parents lacked standing to file an action for custody due to the temporary nature of foster care).

3.     The family court did not err in denying Foster Mother's motion to intervene because it was untimely. South Carolina courts have adopted a four part test for determining timeliness:

> (1) the time that has passed since the applicant knew or should have known of his or her interest in the suit; (2) the reason for the delay; (3) the stage to which the litigation has progressed; and (4) the prejudice the original parties would suffer from granting intervention and the applicant would suffer from denying intervention.

*Ex parte Reichlyn*, 310 S.C. 495, 500, 427 S.E.2d 661, 664 (1993). According to Foster Mother's affidavit dated September 13, 2010, she had knowledge Grandparents were seeking custody prior to Christmas in 2009, yet she did not file a motion to intervene until September 3, 2010, nearly nine months later. Nothing prevented Foster Mother from moving to intervene sooner. Her reliance on the alleged statements made to her by the guardian ad litem or others in her decision not to act sooner were not reasonably placed. Foster Mother's failure to legally make her intentions known, all the while knowing that efforts were continuously being made for the eventual reunification of Child with her biological family, was unreasonable. Any prejudice to Foster Mother in denying her intervention was as a result of her own doing.

4.  The family court correctly did not reach the matter of Child's best interest. "Standing is a legal concept concerning whether a particular person may raise legal arguments or claims." *Michael P.*, 385 S.C. at 418, 684 S.E.2d at 217. "While a child's best interest is the paramount consideration in every adoption, it has no bearing on the preliminary determination of whether a party has standing." *Id*. at 418-19, 684 S.E.2d at 217. The family court did not err in refusing to consider Child's best interest once it determined Foster Mother lacked standing and her motion to intervene was untimely. *See id*. at 419, 684 S.E.2d at 217 (holding the family court did not err in refusing to consider arguments regarding the child's best interest before determining whether the appellants had standing).

5.  Because Foster Mother is a former foster parent lacking standing, she is not an aggrieved party who can appeal the family court's order awarding Grandparents custody of Child. "Only a party aggrieved by an order, judgment, sentence or decision may appeal." Rule 201(b), SCACR. "A party is aggrieved by a judgment or decree when it operates on his or her rights of property or bears directly on his or her interest." *Powell ex rel. Kelley v. Bank of Am.*, 379 S.C. 437, 447, 665 S.E.2d 237, 243 (Ct. App. 2008). "There is no material distinction in general standing principles juxtaposed to the ability of an aggrieved party to appeal . . . ." *Id*. at 447, 665 S.E.2d at 242 (internal quotation marks omitted). Accordingly, Foster Mother's appeal of the order awarding Grandparents custody of Child is dismissed. *See id*. at 448, 665 S.E.2d at 243 (holding the bank was not an aggrieved party and dismissing its appeal).

6.  The family court erred in awarding attorney's fees. In deciding whether to award attorney's fees, the family court should consider: "(1) the party's ability to pay his/her own attorney's fee; (2) [the] beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living." *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992). "A beneficial result will not secure an award of attorney's fees [when] the other factors do not support such an award." *Gartside v. Gartside*, 383 S.C. 35, 47, 677 S.E.2d 621, 627 (Ct. App. 2009). The evidence does not support the family court's conclusions regarding the parties' ability to pay under *E.D.M.* The orders awarding attorney's fees admit Grandparents did not file a financial declaration. Although they do not address whether Foster Mother filed a financial declaration, the orders make assumptions about Foster Mother's income rather than citing to a financial declaration; accordingly, the record contains no indication the family court reviewed a financial declaration from either Grandparents or Foster Mother. As evidence Foster Mother has the financial

ability to pay Grandparents' legal fees, the family court relies on the following facts: (1) Foster Mother is a registered nurse, (2) she assumedly receives a financial stipend for being a foster parent, (3) she takes trips and vacations, (4) no one lives with her, and (5) she was able to retain private counsel.[1]  However, these facts, without more, do not adequately support that conclusion.  The record does not contain any evidence of Foster Mother's income or her expenses; accordingly, nothing indicates the family court considered Foster Mother's ability to pay, her financial condition, or the effect of the attorney's fee on her standard of living. Additionally, the record does not contain any evidence of Grandparents' income or their careers.  In the absence of Grandparents' financial declaration or any evidence about their careers or income, nothing indicates the family court considered Grandparents' ability to pay, their financial condition, and the effect of their attorney's fees on their standard of living.  Accordingly, we reverse the award of attorney's fees.

**AFFIRMED IN PART, REVERSED IN PART, DISMISSED IN PART.**

**SHORT and KONDUROS, JJ., concur.**

**LOCKEMY, J., concurs in result only.**

---

[1] Foster Mother disputes these findings in her affidavit filed September 22, 2010, with her motion for reconsideration.