WILMINGTON, COLUMBIA & AUGUSTA R. R. COMPANY v.
GARNER.

Complaint for the recovery of land is not bad on demurrer for failing to
allege a right in plaintiff to the possession of the premises, the com-
plaint having stated that the plaintiff was seized in fee, and that the
defendant unlawfully withheld from plaintiff the possession thereof.

Before PRESSLEY, J., Richland, November, 1886.

The opinion sufficiently states the case.

*Mr. R. A. Lynch,* for appellant.

*Messrs. Barron & Ray,* contra.

June 28, 1887.    The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.    In this case the plaintiff,
respondent, brought action against the defendants, appellants, to
recover possession of certain real estate, of which it alleged it
was seized in fee, and the possession of which being in the defen-
dants, they unlawfully withheld from the plaintiff.    The defen-
dants demurred on the ground that it appeared upon the face of
the complaint, that said "complaint did not state facts sufficient
to constitute a cause of action."    The position taken to support
the demurrer was that there should have been in the complaint
an allegation that the plaintiff was entitled to the possession of
the premises claimed, and such allegation not appearing on the
face of the complaint in distinct and positive terms, it was defec-
tive to the extent of failing to state facts sufficient to constitute a
cause of action.    The demurrer was overruled by his honor,
Judge Pressley, with leave to answer over.    The appeal of de-
fendants questions this order of Judge Pressley.

In support of this appeal appellants' counsel relies upon the
two following legal propositions:  1st. "It is a general rule that
a plaintiff can offer no testimony, except as to such facts as he
has alleged in his complaint.  2d. A plaintiff in an action for
the recovery of land cannot recover, unless he has not only the

legal title, but also the right to the immediate possession of the land sued for, it being a possessory action, and possession being the gist of the action."

These propositions are doubtless sound, but it does not follow from these that in such actions a failure to allege in distinct and positive terms a right to immediate possession, in addition to seizure in fee and an unlawful withholding by the defendant, would be a fatal omission, subject to demurrer for the want of a cause of action, for the reason that, in our opinion, the allegation of seizure in fee and the unlawful withholding of possession by the defendant from the plaintiff is substantially an allegation of the right to immediate possession, certainly sufficiently distinct to save the complaint, especially under the code practice, which, departing from the cumbrous and technical forms previously in existence, requires only a plain and concise statement of the cause of action. And admitting, for the sake of argument, that it must appear in the complaint that the plaintiff not only has title, but is entitled to the immediate possession, we think the allegations here, admitted as they are by the demurrer, are sufficient. An averment by a plaintiff that he has the legal title to certain real property, as owner in fee simple, it seems to us, in the absence of any opposing right, set up by way of defence, would, in itself, *prima facie*, be an averment of the right to possession on the principle that title ordinarily carries with it the right to possession, which right is a conclusion of law inferred from the title in fee, and, therefore, not necessary to be stated in terms as an allegation of fact.

But whether the allegation of a fee simple title would be sufficient *prima facie* or not without the allegation in some form of the right to immediate possession, we think, in this case, such latter allegation is substantially made in the complaint, wherein it is alleged that the defendants are in possession, and that they unlawfully withhold said possession from the plaintiff. We cannot see how the defendants could unlawfully withhold possession from the plaintiffs, unless said plaintiffs were entitled thereto. The demurrer, in admitting that they unlawfully withheld the possession from the plaintiff, substantially admits that the plaintiffs have a right to said possession. It was not decided in *Geiger* v.

*Kaigler* (15 *S. C.*, 276), cited by appellants' counsel, that it was necessary to allege in terms in the complaint in actions of eject-ment that plaintiff was entitled to the possession. Mr. Justice Mc-Gowan, in delivering the opinion, did say, "that a plaintiff in an action for the possession of real property could not recover, unless he has not only the title, but the right to immediate posses-sion"—quoting from *Tyler on Ejectment*, 738, as follows: "In an action of ejectment, the question to be tried is the plaintiff's right to possession of the premises sued for, and upon the trial of the general issue the *defendant* may avail himself of a *defence,* that the plaintiff had not the present right of possession." But nothing was adjudged as to the precise form in which it should appear in the complaint, that the plaintiff had the right to imme-diate possession. There is an intimation in some of the cases discussing this question, that inasmuch as a fee simple title ordi-narily carries with it the right to possession, the allegation of such title dispenses with the necessity of claiming an inferior and subordinate interest, such as the right to possession, and that the proof of the fee simple will be sufficient to demand posses-sion *prima facie,* and in the first instance throwing the burden upon the defendant to show the absence of the right to imme-diate possession.

It is not necessary, however, here to adjudge this question, and we pass it by, inasmuch as we think there is a sufficient alle-gation in this complaint as to the right to possession. The cases from Indiana, relied on by appellant, to wit, *Vance* v. *Schroyer,* 77 *Ind.,* 501; *Miller* v. *Shriner,* 87 *Id.,* 141; *Mansur* v. *Streight,* 103 *Id.,* 359, were decided under a statute of that State, which required expressly that the allegations suggested should be inserted in the complaint. The case from California, *Payne* v. *Treadwell,* 5 *Cal.,* 312, seems to support the appellant. But *contra,* see the case of *Walter* v. *Lockwood,* 23 *Barb.,* 233, and the cases there cited. Even in Indiana, notwithstanding the express requirement of the statute as to the mode of alleging an immediate right to the possession, it was held that the averment of facts showing this right would be sufficient. *Mansur* v. *Streight,* 103 *Ind.,* 339, *supra.* We think this is the better doctrine.

It is the judgment of this court, that the order below be affirmed.