### 8171

#### NICHOLSON v. VILLEPEGUE.

1. EVIDENCE.—AN AGREEMENT to admit "originals or records" does not preclude objections to defects apparent on their face.

2. DEEDS—BOARDS—SINKING FUND COMMISSION—PRESUMPTIONS—OFFICERS.—The record of a deed signed by the Sinking Fund Commission, composed of six, shows it was signed by three.  The witness who probated the deed swears it was signed by four.  Under the presumption that public officers do their duty, it is presumed the majority of the board executed the deed, which is sufficient for its validity.

3. REAL PROPERTY—TITLE.—One finding another in possession of a tract of land cannot enter and then put the first possessor to proof of title.

Before COPES, J., Kershaw, March term, 1911.  Reversed.

Action by J. N. Nicholson against K. S. Villepegue. Plaintiff appeals.

*Messrs. Thos. J. Kirkland* and *E. D. Blakeney,* for appellant, cite: *Possession by tenant:* 3 McC. 422.  *Possession of part possession of whole:* 1 McM. 444; 1 N. & M. 356. *Allegation of ownership includes possession:* 21 Ency. P. & P. 823-5, 722; 42 S. C. 144; 37 S. C. 575.  *Possession is prima facie evidence of title:* S. & W. on Trial Title to Land, secs. 717-8; 28 Ency. 629; Tyler on Eject. 569; 10 Ency. 486-7; 1 McM. 444, 449; 17 S. C. 157; 2 Bay 133; 3 Brev. 101; 86 S. C. 358.

*Messrs. Clarke* and *Von Tresckow,* contra.    *Mr. Clarke* cites: *Plaintiff must show title in himself:* 1 McM. 444; 59 S. C. 131; 71 S. C. 327.

April 1, 1912.    The opinion of the Court was delivered by

MR. JUSTICE FRASER.    This is an action to recover possession of land.    Kent says: It, the law of real estate, is by far the most artificial and complex branch of our law.    It ought to be free from artifice and as simple as the genius of the wisest can make it.    The appellant's attorney said: "There is only one action now under the Code."    That is true; but simplicity does not dispense with matters of substance.    It is still required that the plaintiff shall allege his right and prove the right that he alleges.

In this case the complaint alleged "that the plaintiff is the owner and seized in fee of a tract of land," describing it; that the defendant for some years past has been unlawfully entering upon portions of said land and cutting down and destroying wood.    That the defendant has taken possession of forty acres of said land.    At the conclusion of the plaintiff's testimony, a motion was made for a nonsuit.    This motion was granted because the plaintiff had not proved title.

Plaintiff alleged ownership.    This was an allegation of title.    Had plaintiff proved title?    Plaintiff proved (a) a deed to himself from James G. Gibbes.    (b) A deed from the Sinking Fund Commission to James G. Gibbes. (c) A deed from the sheriff to the Sinking Fund Commission (tax title).    The tax title being *prima facie* good title, the plaintiff rested.    The respondent attacked the deed from the sinking fund commission on the ground that it was signed by only three of the six commissioners.    The original deed was not produced, but, under an agreement of counsel, copies from the records were used. The appellant contends that the respondent had no right to

raise the question, under the agreement. The agreement to allow the use of the "originals or the records" does not preclude any objection to defects apparent on the face of the records or originals and the defect will be considered.

The statute provides for a commission of six and authorizes them to sell. In the case of *Geter* v. *Commissioners of Tobacco Inspection,* 1 Bay. 356, the Court uses this language: "In this act, the power is given to the five commissioners; the Court cannot, therefore, by intendment say, that the act of four commissioners is valid, when the act gives the authority to five."

In that case, however, an officer was discharged for non-performance of duty and the Court considered it as if it were a trial for a crime and the commissioners were acting as a jury and a unanimous verdict was required. In *The Bank* v. *Evans,* 28 S. C. 524, the Court says: "Where a body or board of officers is constituted by law to perform a trust for the public or to execute a power or perform a duty prescribed by law, it is not necessary that all should concur in the act done. The act of the majority is the act of the body."

We take this to be the rule and follow it here. It certainly is in accord with the leading authorities in other States.

The question arises, is this deed executed by a majority? There were six commissioners. The record shows three names signed to the deed to Gibbes. The probate shows four. That a mistake has been made is indisputable. The probate is sworn to, the record is not. We must, therefore, resort to presumptions of law to solve the problem. The law presumes the correctness of the record, but the record is contradictory. There is no presumption that one has sworn falsely. There is a presumption that public officers have performed their duty. At least three public officers acknowledged the receipt of valuable consideration, delivered a deed with a probate that showed the signatures of a majority of

the board and it must be assumed, until the contrary appear, that a majority did sign the deed.   The Circuit Judge erred in holding that the plaintiff failed to prove title, *prima facie,* and the first exception is sustained.

Plaintiff alleges that he is "seized in fee."   Washburn on Real Property, vol. 2, 583, says: "Seisin and possession are nearly identical."   This Court in *Railroad Company* v. *Garner,* 27 S. C. 50, 2 S. E. 634, holds, that when plaintiff alleges that it is "seized in fee" it alleges possession.   The allegations are that the plaintiff being in possession, the defendant unlawfully entered upon his land, cut down his wood and timber and took from him the possession of forty acres, more or less.   Plaintiff's evidence showed that he took a deed from James G. Gibbes for a certain definite tract of land in 1896.   That he put an agent in possession of the tract in 1898, who has been in possession ever since.   That he rented a small part to the defendant some years ago—(1899).   That he offered to sell the land to the defendant, who declined to purchase on the ground that the plaintiff had no title.   That subsequently the defendant trespassed upon the land and took possession of a portion of it.

The plaintiff was entitled to have the trial Court pass upon this question, but there is no ruling on the subject.   The Court might stop here, but the appellant has made the real question a subject of appeal and we will consider it.   Not one of these statements may be true, but on a motion for a nonsuit, they are assumed to be true.

The question is, can one who finds that his neighbor has a defective link in his chain of title, take the possession of the land from him and put the previous possessor on proof of his title?   To that question the answer is "He can not."

In *McColman* v. *Wilkes,* 3 Strob. 473-4, the Court says: "Possession is *prima facie* evidence of title; a plaintiff in possession without any title, may maintain trespass against a wrongdoer.   Evidence by the defendant, that plaintiff is

holding without right or against right, cannot avail the defendant, unless he can show that the title is in himself or somebody under whom he acted."

We know of no case that overrules this decision. It would be only confusing to multiply authorities or extend this opinion.

In the recent case of *Beaufort Land and Investment Co. v. New River Lumber Co.,* 86 S. C. 358, 68 S. E. 637, 30 L. R. A. (N. S.) 1214a, Mr. Justice Woods makes a review of the cases, that makes further citation unnecessary.

The first and third exceptions are sustained and the second is overruled.

The judgment of this Court is that the order of nonsuit herein be set aside and the case remanded for a new trial.