10151

## MORTON v. TOLBERT.

(98 S. E. 199.)

1. Costs—Appeal—Record.—The case not conforming to the rule, the evidence not being given in narrative form, and much of it being wholly unnecessary, disbursements will not be allowed; both sides being responsible for the record.

2. Ejectment—Necessity of Title.—One in possession of land has right to retain possession against all the world, except the true owner, and so need not show title to recover of one removing her from possession.

Before Shipp, J., Abbeville, Spring term, 1918. Affirmed.

Action by Sue E. Morton against B. R. Tolbert, Jr. Judgment for plaintiff, and defendant appeals.

*Mr. D. H. Hill,* for appellant, submits: *That when a tenant in common brings action for the recovery of possession of real property against a stranger in possession, she may recover her share, without making the other tenants in common parties, but she cannot recover the whole property:* 6 Rich. Eq. 408; 16th S. C. 229; 30 S. C. 489; 39 S. C. 15; 84 S. C. 29.

*Mr. J. Moore Mars,* for respondent, cites: 84 S. C. 29; 65 S. E. 953.

February 4, 1919.

The opinion of the Court was delivered by Mr. Justice Fraser.

This case does not conform to the rule. The evidence is not given in narrative form, and much of it is wholly unnecessary. As both sides are responsible for the record, no disbursements are allowed. The appellant's argument thus states the case:

"The plaintiff brought this action to recover the possession of two small tracts of land, aggregating nine acres. The complaint was served on the 13th of September, 1917. According to the allegations of the complaint the plaintiff claims that she is the sole owner of the premises in fee simple, and that during the year 1912 the defendant entered thereon, and unlawfully ousted the plaintiff from possession.

"The case was tried before his Honor, Judge Shipp, and a jury, and the jury rendered a verdict in favor of the plaintiff for the possession of the whole of the premises.

"The defendant has appealed, charging error in the presiding Judge in not granting a nonsuit at close of plaintiff's case, and also charging error in the presiding Judge not having directed a verdict at the close of all the testimony. The grounds of the motion for a nonsuit and for a direction of verdict are set forth in the 'case,' and need not be repeated here.

"The points made by the appeal are: (a) That there was no proof that the premises sued for in the complaint are included in the chain of title put in evidence, and under which plaintiff undertook to prove that she was the owner in fee simple of the premises sued for; (b) that, even if it should be admitted, for the sake of argument, that the premises sued for in the complaint are included in the chain of title introduced by plaintiff, still this chain of title only shows that plaintiff is the owner of a part interest in the premises, as a tenant in common, with other parties, not parties to the action, and under the allegations of the complaint the plaintiff could not recover, for the reason that under the circumstances the jury had no alternative but to find either in favor of plaintiff or against her, and a verdict in her favor for the whole was manifest error."

There was abundant evidence to carry the case to the jury. Appellant manifestly overlooks the fact that the respondent

alleged that she was not only the owner in fee of the land in dispute, but that she was in possession of the disputed land, and that the appellant invaded her possession and ran her tenants off. One in possession of a tract of land has the right to retain the possession against all the world, except the true owner. *Nicholson v. Villepegue*, 91 S. C. 234, 74 S. E. 506.

The appeal is dismissed.