23115

Joanna P. ROWE, as Administratrix of the Estate of Lorinda Jean Rowe, Deceased, Petitioner v. CITY OF COLUMBIA and Donald E. Jones, Respondents.

(388 S. E. (2d) 789)

Supreme Court

*Joseph M. McCulloch, Jr.,* and *Richard A. Harpootlian,* both of *Swerling, Harpootlian & McCulloch,* Columbia, and *Desa A. Ballard,* Barnwell, *for petitioner.*

*James E. Meggs,* Columbia, *for City of Columbia.*

*Danny C. Crowe,* of *Turner, Padgett, Graham & Laney,* Columbia, *for Donald E. Jones.*

Heard Oct. 19, 1989.

Decided Dec. 4, 1989.

TOAL, Justice:

The sole issue on appeal is whether the trial court erroneously relied on a declaratory judgment in granting summary judgment for the City, when Rowe was not a party to the declaratory judgment action. We conclude that this was error and, therefore, reverse the Court of Appeals and the trial court.

## FACTS

On March 24, 1985, Lorinda Jean Rowe was killed in a collision occurring between her automobile and a fire truck owned by the City of Columbia ("City") and operated by its employee, Donald E. Jones ("Jones"). In May 1985, Joanna P. Rowe ("Rowe") as administrator of the estate of the deceased, instituted a wrongful death action against the City and Jones. This action was later dismissed without prejudice.

On April 18, 1985, this Court issued its opinion in *McCall v. Batson*, 285 S. C. 243, 329 S. E. (2d) 741 (1985), abolishing sovereign immunity and limiting recovery in cases filed before July 1, 1986, to the extent of a governmental entity's liability insurance coverage. *Moore v. Berkeley County*, 290 S. C. 43, 348 S. E. (2d) 174 (1986), clarified *McCall* by holding that sovereign immunity is abolished with regard to all causes of action *arising on* or *after* July 1, 1986, not in cases which are *filed* on or after July 1.

Subsequently, City brought a declaratory action against its insurer, the South Carolina Insurance Reserve Fund (SCIRF), to determine whether or not its insurance policy provided coverage for injuries caused by use of the fire truck. By order dated December 9, 1985, the trial court held language in the insurance policy excluded coverage for the City's fire truck. City appealed. Rowe was not made a party to this declaratory judgment action.

On May 30, 1986, Rowe filed the present lawsuit. Shortly thereafter, City and Jones moved for summary judgment. They contended they had no applicable liability insurance coverage and, therefore, under *McCall v. Batson*, summary judgment was appropriate. Rowe argued summary judgment was inappropriate because the Uniform Declaratory Judgments Act, S. C. Code Ann. §§ 15-53-10 to -140 (1976), provides that no declaration shall prejudice the rights of non-parties. S. C. Code Ann. § 15-53-80 (1976).

The trial judge found there were no genuine issues of material fact in that the cause of action arose before July 1, 1986, the declaratory judgment had determined that the City's policy with the SCIRF did not provide coverage, and neither the City nor Jones maintained any other applicable liability insurance coverage. Therefore, the trial judge

granted City and Jones motion for summary judgment but retained jurisdiction to reconsider its decision in the event the City prevailed in its appeal of the declaratory judgment action. The trial judge superseded his own Order until fifteen days after the appellate proceedings were finalized. The Supreme Court subsequently affirmed the declaratory judgment. *City of Columbia v. State of South Carolina Budget and Control Board*, 87-MO-220 (1987).

Rowe appealed. In *Rowe v. City of Columbia*, 88-MO-064 (Ct. App. 1988), the Court of Appeals found that no evidence was presented showing that the City had liability insurance on the fire truck and affirmed the summary judgment. The Court of Appeals declined to address Rowe's contention that she was not bound by the declaratory judgment action.

## ANALYSIS

Rowe argues the Court of Appeals erred by affirming the trial judge's order in that it relied on the declaratory judgment which was not binding on Rowe. We agree.

S. C. Code Ann. § 15-53-80 (1976) provides that all persons who have or claim any interest which would be affected by a declaratory judgment shall be made parties to the declaratory judgment action and that no declaration shall *prejudice* the rights of persons who were not parties to the action. (Emphasis added.) In *Pharr v. Canal Insurance Co.*, 233 S. C. 266, 104 S. E. (2d) 394 (1958), this Court held that a declaratory judgment that an insurer was not liable to defend or pay sums which the insured might owe in pending actions was not determinative in actions by injured parties against the insurer for a portion of judgment recovered against the insured.

The trial court's order granting summary judgment for City and Jones states that, while not controlling, the declaratory judgment was persuasive authority for its decision. Further, the order states that, in the event this Court were to reverse the declaratory judgment, the trial judge would reverse its summary judgment order and allow Rowe to pursue her claim.

In light of Section 15-53-80 and *Pharr*, the trial judge should not have considered the declaratory judgment action as evidence that City and Jones did not have applicable

insurance coverage. The summary judgment order was made contingent upon the appeal of the declaratory judgment action. Therefore, it appears that the trial judge did base his order on the declaratory judgment. The use of the declaratory judgment in this action was extremely prejudicial to Rowe because she could not maintain an action against the City unless it had insurance coverage. The trial court's reliance upon the declaratory judgment action was prohibited by § 15-53-80 and therefore the Court of Appeals and lower court must be reversed.

Reversed.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.