808 S.E.2d 626

**Robert J. BURKE, Respondent,**

v.

**REPUBLIC PARKING SYSTEM, INC., Appellant.**

Appellate Case No. 2015-000269
Opinion No. 5519
Court of Appeals of South Carolina.
Heard June 6, 2017
Filed October 25, 2017
Rehearing Denied January 11, 2018

Roopal S. Ruparelia and Sarah Patrick Spruill, both of Haynsworth Sinkler Boyd, PA, of Greenville, for Appellant.

Clayton B. McCullough and Jamie A. Khan, both of McCullough Khan, LLC, of Charleston, for Respondent.

THOMAS, J.:

Appellant Republic Parking System, Inc. (Republic) filed this appeal following a jury verdict in favor of Respondent Robert J. Burke. Republic claims the trial court erred by denying its motions for judgment notwithstanding the verdict (JNOV) and a new trial based on many arguments including that the trial court erred by excluding its expert witness. We agree the trial court erred by excluding Republic's expert witness and reverse for a new trial; thus, we decline to address Republic's remaining arguments.

## FACTS/PROCEDURAL HISTORY

In his complaint, Burke alleged he was a customer in the George Street parking lot (the Lot) in Charleston at approximately 7:00 p.m. in January 2013. Burke claimed he parked his car and attempted to exit the Lot on foot when he tripped and fell on a "raised curb" inside the Lot. Burke asserted the curb "was virtually hidden" due to "extremely low and poor lighting conditions." Burke named as defendants Republic, Indigo Realty Company, LLC (Indigo), and the City of Charleston (the City). Burke alleged Indigo owned the Lot and leased it to the City who then contracted with Republic to operate the Lot. Burke claimed Republic operated and managed the Lot and was responsible for keeping it free of hazardous conditions, maintenance, and repairs.

Burke settled with Indigo and the City the week before trial. During a motion in limine on the morning the trial began, Burke moved to exclude Republic's expert witness, Dr. Todd Shuman. Burke admitted the City named Shuman as an expert during discovery but claimed only the City named him. Burke asserted that fact was a consideration in his decision to settle with the City.[1] Republic claimed it did not name Shuman

---

1. During oral argument, Burke continued to assert he "may" not have settled with the City had he known Republic would call Shuman as an expert. However, Burke refused to state definitively that he would not have settled, and he acknowledged other strong motivations to settle

in its discovery responses because the City had named him and did not settle with Burke until the week prior to trial. Republic claimed, however, that it did name Shuman in its pre-trial brief served the Friday before trial. Also, Republic asserted it had a fee sharing agreement with the City for compensating Shuman. Republic pointed out Burke would not be prejudiced or surprised by Shuman's testimony because he had been aware of Shuman and had taken his deposition.

The trial court inquired whether Republic ever supplemented its interrogatories, and Republic admitted it had not. The trial court then excluded Shuman because Republic failed to file a supplemental interrogatory. The trial court explained it was excluding Shuman because Republic answered interrogatories and did not identify an expert witness. The trial court noted "[a]ll [Republic] had to do was to send [Burke] a letter." When Republic attempted to restate it listed Shuman as a witness in its pre-trial brief, the trial court incorrectly stated the pre-trial brief listed him as a fact witness.

Subsequently, Republic proffered Shuman's deposition in which he testified he reviewed records related to Burke's medical care following the incident in this case. Shuman asserted there were "several reasons" Burke could have fallen and his recovery was "greatly influenced" by his preexisting medical conditions. Specifically, Shuman noted Burke's preexisting conditions that could have caused his fall in the Lot included diabetes, "significant swelling" in his feet, and a prior stroke. Shuman also claimed "the extent of [Burke's] injuries may not be as great as were initially stated" by Burke's physician. Testifying specifically about Burke's records, Shuman claimed some of the records indicated Burke's knee injury was a chronic problem in existence prior to his fall in the Lot. The jury returned a verdict in Burke's favor, and the trial court denied Republic's post-trial motion for JNOV or a new trial. This appeal followed.

## ISSUE ON APPEAL

Did the trial court abuse its discretion by excluding Shuman's testimony based on Republic's failure to timely identify Shuman as an expert witness?

---

with the City, including the South Carolina Tort Claims Act's cap on recovery against a government entity.

## STANDARD OF REVIEW

"The admission or exclusion of evidence is a matter within the trial court's sound discretion, and an appellate court may only disturb a ruling admitting or excluding evidence upon a showing of a 'manifest abuse of discretion accompanied by probable prejudice.'" *State v. Commander*, 396 S.C. 254, 262–63, 721 S.E.2d 413, 417 (2011) (quoting *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847–48 (2006)). "An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006). Determining whether prejudice exists "depends on the circumstances" and "the materiality and prejudicial character of the error must be determined from its relationship to the entire case." *State v. Taylor*, 333 S.C. 159, 172, 508 S.E.2d 870, 876 (1998) (quoting *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985)). Prejudice in this context means "there is a reasonable probability the jury's verdict was influenced by the wrongly admitted or excluded evidence." *Vaught v. A.O. Hardee & Sons, Inc.*, 366 S.C. 475, 480, 623 S.E.2d 373, 375 (2005).

## EXCLUSION OF SHUMAN'S TESTIMONY

Republic argues the trial court abused its discretion by excluding Shuman because it failed to properly weigh the appropriate factors for determining a sanction when a party fails to timely disclose a witness. We agree.

Deciding the appropriate sanction for late disclosure of an expert witness lies within the sound discretion of the trial court. *Barnette v. Adams Bros. Logging, Inc.*, 355 S.C. 588, 592, 586 S.E.2d 572, 574 (2003). "The rule is designed to promote decisions on the merits after a full and fair hearing, and the sanction of exclusion of a witness should never be lightly invoked." *Id.* (quoting *Jackson v. H&S Oil Co.*, 263 S.C. 407, 411, 211 S.E.2d 223, 225 (1975)). A trial court "is required to consider and evaluate" certain factors before excluding a witness: "(1) the type of witness involved; (2) the content of the evidence emanating from the proffered witness; (3) the nature of the failure or neglect or refusal to furnish the witness'[s] name; (4) the degree of surprise to the other party, including the prior knowledge of the name of the witness; and

(5) the prejudice to the opposing party." *Id.* at 592, 586 S.E.2d at 574–75.

In *Barnette,* our supreme court found the trial court abused its discretion by excluding an expert witness because the trial court "made no specific finding of prejudice to the [opposing party], other than finding the late disclosure would necessitate further discovery" and there was no violation of a pre-trial order. *Id.* at 593, 586 S.E.2d at 575. *See Jenkins v. Few,* 391 S.C. 209, 219–20, 705 S.E.2d 457, 462 (Ct. App. 2010) (finding the trial court did not abuse its discretion by admitting an expert witness after considering the relevant factors). In *Jumper,* this court reversed the family court's decision to exclude a witness. *Jumper v. Hawkins,* 348 S.C. 142, 152, 558 S.E.2d 911, 916 (Ct. App. 2001). This court found the family court "erred by focusing solely on the [pre-trial scheduling] order in making its decision" and failing to consider all of the relevant factors. *Id.* at 151–52, 558 S.E.2d at 916.

In *Bryson,* this court found the special referee was within its discretion to exclude a witness when the party attempting to call the witness did not notify the opposing party until the morning of trial. *Bryson v. Bryson,* 378 S.C. 502, 508, 662 S.E.2d 611, 613 (Ct. App. 2008). The court carefully examined the record and found the special referee "properly considered the *Jumper* factors" when making its decision. *Id.* This court also examined each of the factors and noted the opposing party would suffer "significant surprise and prejudice" because it would be unable to prepare for examining the witness and would have no opportunity to depose the witness. *Id.* at 509, 662 S.E.2d at 614. The *Bryson* court concluded, "[W]e find the special referee properly considered all factors set forth in *Jumper* when deciding to exclude [the witness], and therefore, the exclusion was not an abuse of discretion." *Id.*

Additionally, in *Arthur,* the trial court excluded multiple witnesses because the appellant failed to identify them within the deadline imposed by a scheduling order. *Arthur v. Sexton Dental Clinic,* 368 S.C. 326, 338, 628 S.E.2d 894, 900 (Ct. App. 2006). Although the trial court failed to specifically enunciate the *Jumper* factors when making its ruling, this court found the trial court "did not exclude the witnesses solely on the ground of [the appellant's] failure to comply with the time

limits of the scheduling order. Instead, the [trial court] made the appropriate inquiry and considered the requisite factors." *Id.* at 341, 628 S.E.2d at 902. Thus, the trial court did not abuse its discretion because it based its decision on a consideration of the *Jumper* factors, rather than the initial finding that notice of the witnesses was untimely. *Id.*

■ Accordingly, based on our review of the case law, a trial court has discretion to decide the sanction for a party providing untimely notice of a witness but may exclude the witness from testifying only after considering each of the *Jumper* factors. A party's failure to provide timely notice of a witness triggers the trial court's obligation to then consider the factors. Thus, when a trial court excludes a witness for the sole reason that the party attempting to call the witness failed to provide timely notice under the rules of discovery, the trial court commits an error of law, which is an abuse of discretion.

In this case, the trial court abused its discretion because it excluded Shuman on the sole basis that Republic failed to provide timely notice of its intent to call him as an expert witness. After thoroughly reviewing the discussion between the trial court and the parties, we find the trial court based its ruling on the single finding that Republic did not serve a supplemental interrogatory. During the motion in limine, the trial court inquired whether Republic ever supplemented its interrogatories, and Republic admitted it had not. The trial court responded, "Very well, I am going to grant [Burke's] motion [to exclude Shuman]. He's not going to testify." The trial court further stated, "I am banking on the fact that you have answered interrogatories and today you've still not identified an expert witness." The trial court noted "[a]ll [Republic] had to do was to send them a letter." When Republic attempted to argue it listed Shuman as a witness in its pre-trial brief, the trial court stated the pre-trial brief listed him as a fact witness.[2]

Despite Republic's attempt to argue the *Jumper* factors including that Burke would not be surprised or prejudiced, the trial court made clear it was excluding Shuman simply because Republic failed to provide timely notice. The trial court failed

---

2. The pre-trial brief listed Shuman as an expert witness.

to consider the *Jumper* factors, and as discussed above, such a failure is an abuse of discretion under our case law. Thus, the trial court abused its discretion by excluding Shuman when it based its decision only on Republic's failure to timely name Shuman as a witness and failed to consider the *Jumper* factors.

 Furthermore, we find the trial court's error prejudiced Republic. *See State v. Cope*, 385 S.C. 274, 287, 684 S.E.2d 177, 184 (Ct. App. 2009) ("To warrant reversal, any error by the trial court in admitting or excluding expert testimony must result in prejudice."). Shuman was Republic's only expert witness to contradict Burke's expert, and his testimony would have impacted the causation and damages elements of Burke's claims. Shuman's testimony went to whether Burke's fall was caused by the Lot's conditions or a preexisting medical condition. In his deposition, Shuman testified there were "several reasons" Burke could have fallen such as diabetes, significant swelling in his feet, the long car ride preceding the fall, and other preexisting medical conditions. Shuman noted Burke had at least one other fall prior to his fall in the Lot. Shuman also asserted Burke's ability to recover was "greatly influenced" by his preexisting conditions. By excluding Shuman's testimony, the jury was not permitted to hear and consider all relevant evidence relating to causation and damages, and there is a reasonable probability the jury's verdict was influenced by the trial court's decision. *See Vaught*, 366 S.C. at 484–85, 623 S.E.2d at 378 (finding there was "a reasonable probability the jury's verdict was influenced by the excluded evidence because the jury was not permitted to hear and consider all relevant evidence relating to damages"). Thus, Shuman's testimony was vital to Republic's causation and damages arguments, and the trial court's exclusion of it prejudiced Republic. Accordingly, because the trial court abused its discretion by excluding Shuman's testimony and that error was prejudicial, we reverse and remand for a new trial.[3] *See id.* at 485, 623 S.E.2d at 378 (reversing and

---

**3.** Because our decision to grant a new trial based on the trial court's abuse of discretion is dispositive of Republic's remaining arguments, we decline to rule on them. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining an

remanding for a new trial after finding the trial court committed reversible error by excluding certain evidence).

**REVERSED AND REMANDED.**

LOCKEMY, C.J., and HUFF, J., concur.

appellate court need not address remaining issues when disposition of a prior issue is dispositive).