# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Ex Parte: DeBordieu Colony Community Association, Inc., Appellant,

In Re: The Belle W. Baruch Foundation, Plaintiff,

v.

The State of South Carolina, Defendant,

Of Which The Belle W. Baruch Foundation is the Respondent.

Appellate Case No. 2020-001166

———————

Appeal From Georgetown County
Paul M. Burch, Circuit Court Judge

———————

Opinion No. 6043
Heard October 10, 2023 – Filed January 17, 2024

———————

**REVERSED**

———————

Brian C. Duffy, Julie Lauren Moore, Robert Lewis Wehrman, and Patrick Coleman Wooten, all of Duffy & Young, LLC, of Charleston, for Appellant.

George Trenholm Walker, Thomas P. Gressette, Jr., and Jennifer Sue Ivey, all of Walker Gressette & Linton, LLC, of Charleston, for Respondent.

———————

**HEWITT, J:** DeBordieu Colony Community Association, Inc. (DeBordieu) is a private coastal community in Georgetown County. DeBordieu sought intervention as a matter of right or, alternatively, permissive intervention in a lawsuit brought to determine the rightful titleholder to roughly 8,000 acres of marshlands abutting DeBordieu's southern boundary. The circuit court denied intervention under both theories.

Precedent and Rule 24(a) of the South Carolina Rules of Civil Procedure set a liberal standard for intervention. Denying intervention here was inconsistent with that standard. For that reason, as explained below, the order denying DeBordieu's motion to intervene is reversed.

## FACTS

The Belle W. Baruch Foundation (Baruch) was created by the Last Will and Testament of Belle W. Baruch. It owns approximately 8,000 acres of "high ground" in Georgetown County.

The marshland over which Baruch claims title is adjacent to Baruch's high ground. Baruch claims it owns this marshland under the original King's Grant.

DeBordieu's southern boundary creates the northern boundary of the disputed marshland. DeBordieu's members have a history of using the marshland for shellfish harvesting, crabbing, wade fishing, and similar recreational activities. In the early 1970s, DeBordieu created a system of creeks and canals allowing its members access to the marshland and to the Atlantic Ocean. DeBordieu has periodically dredged its canals to maintain its access to the marshland for recreational purposes.

Baruch began this case by filing a declaratory judgment action against the State. Baruch claimed it holds fee simple title to the marshlands and sought an order declaring it the rightful owner.

The State answered, asserted its status as the presumptive titleholder of all marshlands, and counterclaimed that the public held a prescriptive easement over the marshlands. The State alternatively claimed that the property had been dedicated to the public.

DeBordieu filed a timely motion to intervene, opposed Baruch's claim of fee simple title over the marshlands, and asserted its own claim for a prescriptive easement. The State consented to DeBordieu's intervention. Baruch objected. The circuit court denied DeBordieu's motion after a hearing. This appeal followed.

**ISSUE**

Did the circuit court err in denying DeBordieu's motion to intervene?

**STANDARD OF REVIEW**

We review circuit court decisions regarding intervention under the abuse of discretion standard. *In re Horry Cnty. State Bank,* 361 S.C. 503, 507, 604 S.E.2d 723, 725 (Ct. App. 2004) (citing *S.C. Tax Comm'n v. Union Cnty. Treasurer,* 295 S.C. 257, 260, 368 S.E.2d 72, 74 (Ct. App.1988)). As precedent notes, the term "abuse of discretion" is "an old unfortunate statement" and is really just shorthand for describing that "the appellate [c]ourt is simply of the opinion that there was commission of an error of law in the circumstances." *State v. Wallace*, 440 S.C. 537, 541 n.2, 892 S.E.2d 310, 312 n.2 (2023) (quoting *Barrett v. Broad River Power Co.*, 146 S.C. 85, 96, 143 S.E. 650, 654 (1928)). An error of law includes failing to consider all of the factors relevant to a particular decision. *See e.g.*, *Burke v. Republic Parking System, Inc.*, 421 S.C. 553, 560-61, 808 S.E.2d 626, 629 (Ct. App. 2017) (finding the circuit court's failure to weigh all relevant factors in its order was an abuse of discretion).

**INTERVENTION OF RIGHT**

Our supreme court has articulated a broad view of the Rule 24(a)(2) standard, explaining:

> We interpret the rules to permit liberal intervention particularly [when] . . . judicial economy will be promoted by the declaration of the rights of all parties who may be affected. Accordingly, we must consider the pragmatic consequences of a decision to permit or deny intervention and avoid setting up rigid applications of Rule 24(a)(2).

*Berkeley Electric Co-op., Inc. v. Town of Mt. Pleasant*, 302 S.C. 186, 189, 394 S.E.2d, 712, 714 (1990).

Rule 24(a)(2) requires a court to grant intervention:

> [W]hen the applicant claims an interest relating to the property or transaction which is the subject of the action and he [or she] is so situated that the disposition of the

action may as a practical matter impair or impede his [or her] ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 24(a)(2), SCRCP. The motion to intervene must also be timely. *Berkeley Electric*, 302 S.C. at 189, 394 S.E.2d at 714.

DeBordieu easily satisfies three of the four requirements listed above. First, it is undisputed that DeBordieu timely filed its motion. Second, through its counterclaim for a prescriptive easement, DeBordieu is unquestionably claiming "an interest" in the disputed property. Third, barring DeBordieu impairs or impedes DeBordieu's ability to protect its claimed interest.

The "impairment" factor is not designed to be a difficult standard. As described in *Berkeley Electric*, "a party need not prove that it would be bound in a res judicata sense by the judgment, only that it would have difficulty adequately protecting its interests if not allowed to intervene." *Id.* at 190, 394 S.E.2d at 715. Baruch's complaint advertises the purpose of this suit as adjudicating its rights to the marshlands; a court order adjudicating Baruch's claimed rights would necessarily be incomplete unless it also adjudicated DeBordieu's claim. It would be inconsistent with our liberal application of Rule 24, and contrary to the mandate of judicial economy, to deny DeBordieu intervention in a suit that is meant to determine the rightful property owner of a parcel over which DeBordieu claims an easement.

Intervention as a matter of right also requires that DeBordieu's interest not be adequately represented by existing parties. Rule 24(a)(2), SCRCP. This, too, is a "minimal" burden and "the applicant need only show that the representation of his interests 'may be' inadequate." *Berkeley Electric*, 302 S.C. at 191, 394 S.E.2d at 715 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). Here, we consider:

> (1) whether the existing parties will undoubtedly make all of the intervenor's arguments; (2) whether the existing parties are capable and willing to make such arguments; and (3) whether the intervenor offers different knowledge, experience, or perspective on the proceedings that would otherwise be absent.

*Id.* at 191, 394 S.E.2d at 715 (applying *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983)).

It is true that DeBordieu and the State similarly claim that if Baruch owns the disputed marshlands, the marshlands are encumbered by the State's and/or DeBordieu's prescriptive easements. It is inaccurate, however, to categorize those easement claims as the same interest in the property. The State claims a prescriptive easement on behalf of the public. DeBordieu claims a prescriptive easement only on behalf of its members. Though the circuit court found that "[DeBordieu] does not assert, nor could it, that its so-called prescriptive easement is exclusive, hence preventing others from access over these tidelands," that requirement is not consistent with the current governing law.

Our supreme court clarified the test for a prescriptive easement in *Simmons v. Berkeley Electric Co-op., Inc.*, stating "[i]n order to establish a prescriptive easement, the claimant must identify the thing enjoyed, and show his [or her] use has been open, notorious, continuous, uninterrupted, and contrary to the true property owner's rights for a period of twenty years." 419 S.C. 223, 233, 797 S.E.2d 387, 392 (2016). Exclusivity is not a requirement to make a prescriptive easement claim. The State's and DeBordieu's easement claims are independent of one another, and are different claims requiring different proof. *See Cleland v. Westvaco Corp.*, 314 S.C. 508, 511, 431 S.E.2d 264, 266–67 (Ct. App. 1993) (noting an unsuccessful argument for public rights did not necessarily defeat an individual claim for an easement); *see also Nelums v. Cousins*, 304 S.C. 306, 308, 403 S.E.2d 681, 682 (1991) (finding a plaintiff's prescriptive easement claim was asserted independent of use by others). The fact that the claims are materially different amply demonstrates the State would not make all of DeBordieu's arguments.

## ARGUMENTS AGAINST INTERVENTION

Having explained our finding that the standard for intervention is satisfied, we address Baruch's arguments offered against intervention.

Baruch first argues that DeBordieu may not intervene because it only claims an easement and does not claim to own the marshlands. We do not see how any statute or precedent supports this being a meaningful distinction.

The statute authorizing Baruch to file this lawsuit against the State invites participation by "[a]ny person claiming *an interest* in tidelands . . . for the purpose of determining the existence of *any right, title, or interest* . . . as against the State." S.C. Code Ann. § 48-39-220(A) (Supp. 2023) (emphasis added). An easement "gives no title," but an easement is still "property or an interest in land." *S.C. Pipeline Corp. v. Lone Star Steel Co.*, 345 S.C. 151, 153, 546 S.E.2d 654, 656 (2001). DeBordieu does not claim a property interest against *the State*. Even so, we

do not see any reason to read the statute as trumping Rule 24, which allows anyone claiming "an interest" in the property at the center of the action to participate.

In fact, examples abound in precedent where adjoining landowners who did not claim to own the land in question participated in the very same kind of disputes. *See, e.g.*, *Hoyler v. State et al.*, 428 S.C. 279, 833 S.E. 845 (Ct. App. 2019) (granting the intervention of adjoining landowners in a declaratory judgment brought under the marshland statute where the petitioning landowner disputed the neighbors' claims to access the marsh); *see also Lowcountry Open Land Tr. v. State*, 347 S.C. 96, 552 S.E.2d 778 (Ct. App. 2001) (allowing the intervention of an adjoining landowner who sought to wharf over the marsh in action for declaratory judgment and quiet title). DeBordieu's participation may prolong the litigation by adding an additional party, but trying to keep them out of the case seems to have already done that. Again, Rule 24 is meant to promote judicial economy by declaring "the rights of all parties who may be affected." *Berkeley Electric*, 302 S.C. at 189, 394 S.E.2d at 714.

We also consider the practical effect of denying the motion to intervene. This case was not brought as a quiet title action, which would have required notice to and service upon all parties known to have an interest in the property, and service on unknown parties by way of publication. *See* S.C. Code Ann. §§ 15-67-30 to - 40 (2005). Baruch brought its suit as a declaratory judgment. We note this to punctuate a declaratory judgment's statutory requirement that "[a]ll persons" be made parties if they have a claim or interest that would be affected and that "no declaration shall prejudice the rights of persons not parties to the proceeding." S.C. Code Ann. § 15-53-80 (2005). A judgment that is valid as against the State, but not against anyone else claiming an interest in the marshlands would not be an efficient use of judicial resources. It certainly would not give Baruch the *full* rights of fee simple ownership, because it would not be binding on anyone who was not a party to the declaratory judgment. *See Wilmington, C. & A. R. Co. v. Garner*, 27 S.C. 50, 2 S.E. 634, 635 (1887) ("[T]itle ordinarily carries with it the right to possession, which right is a conclusion of law inferred from the title in fee . . . ."); *see also Rowe v. City of Columbia*, 300 S.C. 447, 388 S.E.2d 789 (1989) (holding a non-party to a declaratory judgment action was not bound by the declaratory judgment).

The final argument we address against intervention is Baruch's contention that because it has not been adjudicated to own the marshlands and has not attempted to exclude anyone from them, DeBordieu's claim to an easement is not ripe. That argument is contrary to the tenants of property law. *See Wilmington*, 27 S.C. 50, 2 S.E. at 635. (emphasis in original) ("An averment by a plaintiff that he [or she] has

the legal title to certain real property as owner in fee-simple, it seems to us, in the absence of any opposing right, set up by way of defense, would in itself *prima facie* be an averment of the right to possession . . . .").

DeBordieu claims it possesses an easement. If Baruch holds title, and DeBordieu's claim is valid, then DeBordieu would be a dominant estate holder over Baruch. Baruch claims neither DeBordieu nor the public have a prescriptive easement over the marshlands. The law does not require an easement holder to idly sit, waiting to be ejected, before making a claim. Indeed, the claim of an easement is undoubtedly a hostile act towards the subservient landowner, and Baruch's denial of any easement is functionally a backdoor ejectment. *See, e.g.*, *Pittman v. Lowther*, 363 S.C. 47, 51–52, 610 S.E.2d 479, 481 ("It is enough if [the property owner] asserts [his or her rights] to the other party by an overt act, which, if the easement existed, would be a cause of action. Such an assertion interrupts the would-be dominant owner's impression of acquiescence … it shows that acquiescence was not a fact." (quoting *Garrett v. Mueller,* 144 Or.App. 330, 339, 927 P.2d 612, 617 (1996))); *see also, e.g., Chisolm v. Caines,* 67 F. 285, 290 (C.C.D.S.C. 1894) (ejecting certain duck hunters from a portion of the disputed marshlands). Not only is there a live controversy between Baruch and DeBordieu, but DeBordieu is a real party in interest by the mere fact that it claims an interest in the marshlands. *Kiawah Resort Assocs., L.P. v. Kiawah Island Cmty. Ass'n, Inc*., 421 S.C. 538, 552, 808 S.E.2d 521, 528 (Ct. App. 2017) ("A party has standing if the party has a personal stake in the subject matter of a lawsuit and is a 'real party in interest.'" (quoting *Ex parte Gov't Emp.'s Ins. Co. v. Goethe*, 373 S.C. 132, 138, 644 S.E.2d 699, 702 (2007))).

**CONCLUSION**

For these reasons, the order denying DeBordieu's motion to intervene is

**REVERSED.**

**WILLIAMS, C.J., and VERDIN, J., concur.**